James **THOMPSON**, Appellant,

v.

**COMMONWEALTH of Kentucky**, Appellee.

Court of Appeals of Kentucky.

Nov. 5, 1971.

W. C. Dabney, Monticello, for appellant.

John B. Breckinridge, Atty. Gen., David E. Murrell, Asst. Atty. Gen., Frankfort, for appellee.

VANCE, Commissioner.

The appellant was convicted of the offense of unlawful possession of alcoholic beverages and his punishment was fixed at a fine of $20.00 and confinement in jail for a period of thirty days. He has moved this court to grant him an appeal upon several grounds. We find it necessary to discuss only one of those grounds.

A quantity of beer was found during a search of appellant's automobile and he

claims the court erred in failing to suppress evidence obtained as a result of the search which he says was conducted pursuant to an invalid search warrant. Attack is made upon the affidavit which supported the issuance of the warrant.

The portion of the affidavit which purported to state probable cause for the search is as follows:

"Affiant states that his statement is contained herein relating to local option law violations are based upon the following facts, to-wit: That on April 11, 1970 at 9:00 A.M. a white male known only to me as Charles and who I believe in told me that he had bought one pint of whiskey from James Thompson for $5.00 from his car in front of Described property and that James told him that he had Beer & Whisky in the car and also at his house, anytime that I wanted any.

"Affiant further states that the said James Thompson, has the reputation of being engaged in the illegal liquor business. * * *."

Appellant claims the affidavit is fatally defective because it relies upon information furnished by an informer whose name is not disclosed in the affidavit. He relies upon Walker v. Commonwealth, Ky., 261 S.W.2d 635 (1953) and Carroll v. Commonwealth, 297 Ky. 748, 181 S.W.2d 259 (1944) and other cases in which this court has held that an affidavit for a search warrant based upon information supplied by an informer must disclose the name of the informer.

■ The cases cited by appellant no longer represent the law in Kentucky. In Berkshire v. Commonwealth, Ky., 471 S. W.2d 695 (1971) we said:

"* * * The court is of the view that the previous decisions of this court which

appear to unequivocally hold that no valid affidavit for a search warrant may be had without disclosure of the identity of an informant are not sound. Those decisions are overruled, * * *."

Henceforward an affidavit for a search warrant based upon information supplied by an informer need not disclose the name of the informant if the allegations of the affidavit are sufficient to meet the tests laid down by the United States Supreme Court in United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969) and United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971). The basic teaching derived from these cases is that an affidavit for a search warrant in which an informant is not named must contain allegations upon which the issuing magistrate can make an independent judgment (1) as to the credibility or reliability of the informant, and (2) that facts were known to the informant sufficient to constitute probable cause and the basis of such knowledge shown.

We have determined to make this departure from past holdings because there does not seem to be any compelling necessity which requires the disclosure of the name of an informant in an affidavit for a search warrant and in many cases the effectiveness of law enforcement is greatly impaired by the necessity of disclosure.[1]

If an informant is unknown to the issuing magistrate, the mere disclosure of his name in the affidavit affords scant protection against unreasonable search. The requirements of *Aguilar* should prove more effective.[2]

1. Cf. Burks v. Commonwealth, Ky., 471 S.W.2d 298, (Decided October 1, 1971) as to the necessity of disclosing the names of informants who are witnesses to the commission of the crime of which the defendant is accused.

2. There is some authority that the disclosure of the name of an informant is re-

Successful investigation of many types of unlawful activity cannot be had without the aid of undercover agents or informers. In many cases an informer cannot be effective until he has spent years in establishing himself in a position in which he will have access to information vital to law enforcement agencies. Once the identity of an informant is divulged, his usefulness is at an end and his safety may be greatly endangered. For these reasons we abandon the requirement that the name of the informant be disclosed and in its place we will require that his credibility be established and that the basis of his knowledge of facts sufficient to constitute probable cause be shown.

■ In the present case the affidavit for the search warrant, when tested in the light of these new criteria, is deficient. Although it adequately established sufficient facts within the alleged knowledge of the informant to show probable cause, it contained no allegations to establish the credibility of the informant. The bare statement that the informant was a person "who I believe in" was purely a conclusion of the officer who made the affidavit. It was not a statement of fact upon which the issuing officer could independently judge the credibility of the informant. The affidavit therefore was insufficient, the search warrant issued thereon was invalid and the evidence obtained by the search should have been suppressed.

Appellant's motion for appeal is sustained and the judgment is reversed with the direction that appellant be granted a new trial.

All concur.

quired in order to afford one falsely accused of civil redress for the wrong. Goode v. Commonwealth, 199 Ky. 755, 252 S.W. 105 (1923). We know of no constitutional guarantee of that right and we think that the possibility of this obstacle to private civil redress is greatly outweighed by the overall public need for effective law enforcement. Cf. Berkshire v. Commonwealth, Ky., 471 S.W.2d 695 (Decided October 8, 1971) and Rogers v. Commonwealth, Ky., 424 S.W.2d 130 (1968).