Henry B. BUCHENBURGER, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

June 30, 1972.

Frank E. Haddad, Jr., Kenny Grantz, Louisville, for appellant.

Ed W. Hancock, Atty. Gen., John M. Famularo, Asst. Atty. Gen., Frankfort, Edwin Schroering, Commonwealth's Atty., Louisville, for appellee.

VANCE, Commissioner.

This is an appeal from a judgment sentencing appellant to confinement in the penitentiary for five years and imposing a $4,000.00 fine upon him for the offense of unlawful possession of dangerous drugs for the purpose of sale. KRS 217.731(1)(b).

The residence of appellant was searched pursuant to a search warrant. A large quantity of marijuana and approximately seven-hundred LSD tablets were found.

This appeal questions the sufficiency of the affidavit for the search warrant and challenges the instructions which were given to the jury.

The portion of the affidavit in question reads as follows:

"On the 5th day of September 1970, at approximately 5:00 a.m./p.m., affiant received information from/observed a confidential informant who has in the past been reliable and has been responsable [sic] for two (2) narcotic arrests in the past year. Informant states that on this date, September 5, 1970 at 4:00 pm, he was at the home of Henry Buckenberger or Buchenburger (he was unsure of the spelling) at 6015 Bardstown Road and while there he observed Henry Buckenberger or Buchenburger with a large quantity of marihuana. Informant states that Buchenburger or Buckenberger is a pusher and sells marihuana by the pound. Informant further states that he was asked by Buchenburger or Buckenberger if he wanted to be a runner for him. Informant states that he was told his part of a $20.00 dollar bag would be $5.00 dollars."

■ In Kentucky the name of an informant need not be disclosed in an affidavit for a search warrant if the affidavit contains sufficient information upon which the issuing magistrate can make an independent judgment (1) as to the credibility or reliability of the informant, and (2) that facts were known to the informant

sufficient to constitute probable cause and the basis of the knowledge of such facts shown. Thompson v. Commonwealth, Ky., 472 S.W.2d 884 (1971) and Berkshire v. Commonwealth, Ky., 471 S.W.2d 695 (1971). There is no question but that the informant had knowledge of facts sufficient to constitute probable cause for the issuance of the warrant. The question is whether the affidavit sufficiently established the credibility of the informant.

In *Berkshire* the affiant stated that his information was received from a reliable, credible and confidential informant. In *Thompson* the affiant stated his information came from a white male, known to the affiant only as "Charlie" and in whom he believed.

In both cases we held the statements in the affidavit to be no more than a conclusion of the affiant and insufficient to enable the magistrate to make an independent determination of the reliability of the informant.

■ There are many things which a magistrate may consider in making his independent determination of the credibility of an informant. The length of time that the affiant has known the informant is an important factor. A statement by affiant of the reputation and standing of the informant in the community is relevant. That information previously furnished by the informant had always proved to be accurate would be indicative of reliability. Ideally an affidavit would state that affiant had known the informant for a number of years; that his reputation for truth and veracity was good; that his standing in the community was excellent and that on a number of occasions past the informant had furnished information to the affiant which had always been accurate. The affidavit could then set forth instances in which the informant had previously furnished correct information. Such an affidavit would clearly establish the credibility of the informant.

■ The instant affidavit falls far short of the ideal yet it goes further than the affidavits condemned in *Berkshire* and *Thompson* for here in addition to an expression of affiant's belief in the reliability of the informant there was added the statement that the informant had been responsible for two narcotics' arrests within the past year.

A statement to the effect that the informant was responsible for two arrests within the past year does not necessarily import that the information furnished by the informant was accurate or that it led to convictions. The language does not negate that the informant may have furnished false and spurious information which resulted only in the arrest of two innocent men on narcotics charges. But to read such a meaning into the language used in the affidavit would require a strained interpretation which does not comport with what laymen would ordinarily understand from the language used.

We are confronted on one hand with the necessity to protect citizens from unreasonable searches and seizures as commanded by both the State and Federal Constitutions. On the other side of the coin is the loss of protection to society that comes about when supertechnical requirements as to affidavits for search warrants result in the absolute dismissal of criminal charges solely because some magistrate, county judge, or police judge, not learned in the law, did not appreciate or understand the technical niceties involved.

With reference to affidavits for search warrants the United States Supreme Court said in United States v. Ventresca, 380 U. S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965):

" * * * Recital of some of the underlying circumstances in the affidavit is essential if the magistrate is to perform his detached function and not serve merely as a rubber stamp for the police. However, where these circumstances are detailed, where reason for crediting the source of the information is given, and when a magistrate has found probable cause, the courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a commonsense, manner. Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants. * * *."

The affidavit may reasonably be interpreted as stating that the affiant believed the informant to be reliable and that his belief was based upon the fact that on two previous occasions the informant had furnished information which proved to be accurate. This court believes that the issuing magistrate had reasonable grounds to consider the informant reliable and that to hold otherwise would constitute the type of hypertechnical interpretation denounced in *Ventresca*.

The appellant also contends that the court should have instructed the jury as to the offense of unlawful possession of dangerous drugs for his own use [KRS 217.-731(1) (a)], which he contends is a lesser included offense. It is unnecessary in this case for us to decide whether unlawful possession of dangerous drugs for personal use is in fact a lesser included offense of unlawful possession of dangerous drugs for the purpose of sale.

The appellant did not testify and there was no evidence whatever that appellant's possession of the drugs was for his personal use. The large quantity of drugs found upon appellant's premises; evidence of the unusual number of visitors to appellant's quarters at night; evidence that appellant, after the arrival of visitors to his premises would frequently go out to his garage and get something out of a box, return to his apartment, and shortly thereafter the visitors would leave; evidence that during the raid a box covered with weeds and containing drugs was found in his garage;

and testimony that at 2:00 a.m., during the raid, five teenagers came to appellant's apartment all tend to establish that the drugs were possessed by appellant for the purpose of sale and not for personal use.

█ Since there was no evidence to indicate that possession of the drugs was for the personal use of appellant no instruction as to that offense was necessary or proper. Cf. Trimble v. Commonwealth, Ky., 447 S. W.2d 348 (1969).

The judgment is affirmed.

All concur.