v.

Gurvis "Dick" CASTLEMAN, Appellee.

Court of Appeals of Kentucky.

March 16, 1973.

Clarence EMBRY, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

March 23, 1973.

Richard E. Moorman, Moorman & Vickery, Leitchfield, for appellant.

Ed Hancock, Atty. Gen., Mary Ann Delaney, Asst. Atty. Gen., Frankfort, for appellee.

REED, Justice.

Clarence Embry was convicted of a violation of KRS 433.290 which proscribes the knowing receipt of stolen property. He was sentenced to one year in the penitentiary. From a judgment entered in accordance with the jury's verdict, Embry appeals and asserts three grounds for reversal. According to appellant, the affidavit, on the strength of which a search warrant was issued, was fatally deficient; the prosecution failed to prove a submissible case; the trial judge improperly instructed the jury. Our review convinces us that the search warrant was based upon probable cause and the search effected pursuant to its authority was not unreasonable. The prosecution's evidence was sufficient to create a jury issue concerning the defendant's possession of the stolen property and his knowledge of its theft, and the argument concerning the propriety of the instructions cannot be considered because the issue was not properly preserved for review. Therefore, we affirm the judgment.

On January 9, 1970, a store in Ohio County was broken into and a quantity of merchandise, including several knives referred to in the evidence as "tree brand" knives, was taken. Later the same evening and early on the next morning, the sheriff of Ohio County conducted an investigation of the robbery in the course of which he discovered tracks in the snow indicating that the thieves had headed toward Grayson County.

Meanwhile in Grayson County, while investigating a complaint unrelated to the present case, two state troopers stopped a car driven by Jody Embry, appellant's son, who was accompanied by two other boys, Billy Dale Tarrance, and another boy of the same last name who is not otherwise identified in the record. The three boys were placed under arrest, Jody Embry for drunken driving and the two others for being drunk in a public place. While searching the boys, one of the state troopers found a knife on the ground below the car door and turned this knife, a "tree brand" knife, over to the Grayson County sheriff who had happened on the scene. A second knife was found on Billy Dale

Tarrance. The three boys were taken into custody and the car belonging to Jody Embry was taken to the house in which he lived with appellant, his father.

Subsequently, the Grayson County sheriff received a communication from the Ohio County sheriff concerning the robbery of the store and it was then determined that the "tree brand" knife found on Billy Dale Tarrance was one of those taken in the robbery. The Ohio County sheriff and the Grayson County sheriff then talked with Billy Dale Tarrance. The Ohio County sheriff testified that Billy Dale Tarrance stated on this occasion that he saw Jody Embry carrying a quantity of goods from appellant's house to the trunk of Jody's car. Billy Dale Tarrance denied this statement while testifying at appellant's trial. He did admit, however, that he received the knife found in his possession from Jody Embry while the car was parked in appellant's driveway.

On the basis of the information supplied by Billy Dale Tarrance, the two sheriffs sought and secured a search warrant from the judge of the Grayson Quarterly Court. This search warrant directed a search of Jody Embry's car and appellant's house. An arrest warrant was also issued for appellant. These warrants were issued on January 11 and appellant was arrested that same day. Jody Embry's car and appellant's house were searched with appellant present. In the car, 150 packs of cigarettes, two boxes of .22 long shells, one box of .22 short shells, five cigarette lighters and one pair of sunglasses were found. Even more goods were found in appellant's house than were found in the car. The goods in the house were scattered throughout three rooms. The Ohio County sheriff secured these items and they were later returned to the owner of the store. It is not disputed that they were stolen from the store.

Billy Dale Tarrance was convicted of breaking into the store. Jody Embry pleaded guilty to storehouse breaking and grand larceny. On cross examination at trial Jody Embry admitted that he committed the crime and took all the items in question.

The affidavit that was filed with the quarterly court judge to secure a search warrant spelled out in detail the information received from Billy Dale Tarrance and specifically named Billy Dale Tarrance as the source of the information. The appellant, however, argues that the affidavit contained no allegations regarding the credibility or reliability of the informant.

Since this court in Berkshire v. Commonwealth, Ky., 471 S.W.2d 695 (1971), abandoned its previous requirement that an informant's identity must be revealed in the affidavit for a search warrant, we have not had occasion to decide whether the credibility and reliability of a named informant must be alleged as is now required where the informant is unnamed. Cf. Thompson v. Commonwealth, Ky., 472 S.W.2d 884 (1971).

■ The Supreme Court decisions concerning the necessity to affirmatively allege the credibility and reliability of an informant in Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); and Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), all dealt with affidavits for search warrants based on information supplied by unnamed informants. The general rule has long been that an affidavit for a search warrant based on information furnished by a named individual is ordinarily sufficient to support the warrant. See 14 A.L.R.2d 608 and 47 Am.Jur., Searches and Seizures, Sec. 14, 1972 Pocket Parts, page 75.

■ The Supreme Court recently said in United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed. 723 (1971), in dealing with an affidavit based on information

supplied by an unnamed informant, that the inquiry there should not be whether the unnamed informant had previously given correct information, but whether the unnamed informant's present information is truthful or reliable. The sufficiency of a search warrant and the affidavit supporting it must be determined by looking at the circumstances existing when the warrant was issued.

■ Therefore, particularly in view of the expressions of the Supreme Court in the Ventresca opinion concerning the necessity for the avoidance of hypertechnical review of such affidavits, we are of the opinion that the affidavit in this case wherein the informant was named and his information spelled out in detail furnished probable cause for the issuance of the search warrant.

The trend of recent Supreme Court decisions has appeared to be that the warrantless searches are per se unreasonable unless they can be validated under carefully delimited exceptions to the requirement of a warrant. In the interest of law enforcement, therefore, the securing of warrants should be encouraged and not discouraged by hypertechnical mouse-tracking of the language of the affidavit on which the warrant is based. We, therefore, hold that this warrant did not violate the requirements discussed in Berkshire v. Commonwealth, Ky., 471 S.W.2d 695 (1971). Therefore, the appellant's first claim of error must be rejected.

■ The appellant argues that there was no proof of possession by him of the stolen goods. We find, however, that in the circumstances of this case, the jury could reasonably infer possession from the evidence introduced by the prosecution. Apparently, Jody Embry lived in the house with his father. The evidence was clear that the stolen articles were strewn about three rooms of the house. "The question of the character of the defendant's posses-sion of stolen property and the inferences to be drawn therefrom under all of the attendant circumstances, including such explanations as he can or does offer are questions of fact primarily for the jury." Roberson's New Kentucky Criminal Law and Procedure, Sec. 856, page 1083 (2nd Edition 1927).

The appellant's final complaint is that the prosecution did not establish the value of the stolen property found in his home. KRS 433.290 declares it a criminal offense to receive any stolen property, the stealing of which is punishable as a crime, knowing it to be stolen. The prescribed punishment for violation of this statute is fixed at the same punishment as is prescribed for the persons stealing the concerned property. The statute further states: "the possession by any person of any stolen property shall be prima facie evidence of his guilt under this section." KRS 433.220 provides that a person guilty of larceny of property of the value of $100 or more shall be confined in the penitentiary not less than one nor more than five years. KRS 433.230 provides that any person guilty of the larceny of property of less value than $100 shall be imprisoned for not less than one nor more than 12 months or fined not less than $50 nor more than $500.

■ Thus, it appears that the alleged failure of the prosecution to adequately establish the value of the stolen property found in defendant's home did not exonerate the defendant under KRS 433.290, but affected the extent of punishment that could be inflicted in the event of a finding of guilt.

■ This extent of punishment could only be dealt with in the trial judge's instructions to the jury. The appellant, however, did not present this issue to the trial court. The transcript reveals that when the court proposed the instruction given,

which confined the limits of punishment to that prescribed where the value of the stolen property was more than $100, the defendant's counsel merely stated "I object to the instructions generally." No motion for new trial was filed; therefore, the error in the instructions concerning the extent of punishment was not preserved for review. See Hartsock v. Commonwealth, Ky., 382 S.W.2d 861 (1964), Rice v. Commonwealth, Ky., 387 S.W.2d 4 (1965), Cowan v. Commonwealth, Ky., 407 S.W.2d 695 (1966), and Ellis v. Commonwealth, Ky., 430 S.W. 2d 335 (1968).

The judgment is affirmed.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.