**COMMONWEALTH of Kentucky,
Appellant,**

v.

**Charles T. EILERS and George F. Eilers,
Appellees.**

Court of Appeals of Kentucky.

Oct. 26, 1973.

Rehearing Denied Feb. 8, 1974.

Ed W. Hancock, Atty. Gen., G. Edward James, Asst. Atty. Gen., Frankfort, for appellant.

Matthew B. Quinn, Jr., Louisville, for appellees.

STEPHENSON, Justice.

The Jefferson Circuit Court suppressed evidence obtained pursuant to a search warrant and dismissed the indictment. The Commonwealth appeals (KRS 21.140 (3)).

George Eilers and Charles Eilers were indicted by a Jefferson County grand jury on four counts charging violations of Chapter 436 of Kentucky Revised Statutes (operating a handbook, taking bets on a horse race, et cetera). The evidence was obtained by a search warrant secured by Detective Wheat of the Jefferson County Police Department.

The Eilerses' motion to suppress the evidence obtained by virtue of the search warrant attacked the affidavit on the ground that it was based on "hearsay on hearsay." The affidavit submitted by Detective Wheat as a basis for the search warrant consisted of five pages of detailed allegations. Paragraph 8 of the affidavit presents the "hearsay on hearsay" and reads as follows:

"On May 9, 1972, Special Assistant United States Attorney Jeffries advised that he is in contact with a reliable confidential informant who has been providing information to Federal law enforcement agencies since early March of 1972. The informant has provided information in more than five investigations by the United States Department of Justice and in more than five investigations by the United States Treasury Department. In every instance the information provided by the informant has proved to be reliable and has been corroborated by extensive independent investigation. Mr. Jeffries further advised that the informant has advised that George F. 'Pop' Eilers has been conducting a horse and sport handbook from his residence at 3005 Cromarty Way, Louisville, Kentucky, for the past several months over telephone number 459–8830 and 459–5332. The informant knows of this operation from admissions made to the informant by Eilers and from making regular bets with Eilers. On May 9, 1972, the informant advised Mr. Jeffries (who advised me on May 10, 1972) that the informant had placed bets with Eilers on telephone number 459–8830 within the previous three days and had discussed bets and line information with Eilers over telephone number 459–8830 on May 9, 1972."

The Eilerses contend that there is no substantial basis for crediting the "hearsay on hearsay" so as to furnish facts sufficient to constitute probable cause.

This is a matter of first impression in this jurisdiction. In order to test the sufficiency of the affidavit, it should meet the

test laid down in Thompson v. Commonwealth, Ky., 472 S.W.2d 884, 885 (1971):

" * * * [A]n affidavit for a search warrant in which an informant is not named must contain allegations upon which the issuing magistrate can make an independent judgment (1) as to the credibility or reliability of the informant, and (2) that facts were known to the informant sufficient to constitute probable cause and the basis of such knowledge shown."

■ It is clear that the allegations of the affidavit were sufficient to satisfy the requirements of Thompson, supra, had Jeffries made the affidavit instead of Wheat. The arguable proposition is whether or not the hearsay of Jeffries' informing Wheat is of such a nature as would preclude the magistrate from making an independent judgment to determine probable cause for the issuance of the search warrant. We conclude that the allegations of the affidavit were sufficient, that "hearsay on hearsay" is not defective where the totality of the circumstances is such that the magistrate can make an independent judgment as in any other affidavit for a search warrant.

Both the Commonwealth and the Eilerses rely on United States v. Roth, 391 F.2d 507 (7th Cir. 1967).

While Roth held the affidavit under consideration invalid, the court stated at page 511: "We believe that an affidavit containing 'inherently defective hearsay on hearsay' (that is, hearsay on hearsay as to which there is absent any indication of the reliability of the anonymous hearsay source) can withstand attack only if the supporting circumstances related therein are sufficient in themselves to establish probable cause." Roth does not condemn "hearsay on hearsay" out of hand, only that there was no indication of the reliability of the anonymous hearsay source.

In other cases affidavits containing "hearsay on hearsay" or "double hearsay"

have been held to be valid, establishing probable cause.

A bank security officer told an FBI agent that unnamed officers of a financial institution had told him of certain stolen checks. United States v. Carney, 328 F. Supp. 948 (D.Del. 1971), aff'd, 455 F.2d 925 (3d Cir. 1972).

A law enforcement officer made an affidavit containing hearsay information from an informant, which in turn was based on other information gathered by that informant. United States v. Smith, 462 F.2d 456 (8th Cir. 1972).

A special FBI agent received information from two FBI agents who had received information from two confidential informants. United States v. Fiorella, 468 F.2d 688 (2d Cir. 1972).

Smith, supra, 462 F.2d at page 459 states:

" * * * Therefore, when a magistrate receives an affidavit which contains hearsay upon hearsay, he need not categorically reject this double hearsay information. Rather, he is called upon to evaluate this information as well as all other information in the affidavit in order to determine whether it can be reasonably inferred 'that the informant had gained his information in a reliable way.' "

Of like import, the court in Fiorella, supra, 468 F.2d, said at page 691: "However, the mere fact that an affidavit contains 'double hearsay' does not automatically make it insufficient to supply probable cause. * * * Rather, the question is whether the information given by the informant, taken in the light of the totality of circumstances, can reasonably be said to be reliable."

We conclude that the affidavit of Detective Wheat is sufficient to establish probable cause and the trial court erred in suppressing the evidence obtained by the search warrant. It should be noted that

"hearsay on hearsay" in an affidavit for a search warrant necessarily reduces the magistrate's ability to make an independent determination of the reliability of the information to establish probable cause.

 The trial court is directed to set aside the order suppressing the evidence and dismissing the indictment. A jury was not empaneled or sworn; therefore, a trial on the indictment would not constitute double jeopardy. Commonwealth v. Devine, Ky., 396 S.W.2d 60 (1965).

The cause is reversed with directions that the Commonwealth be granted a trial on the indictment.

PALMORE, C. J., and JONES, MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.