Larry EDWARDS, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Supreme Court of Kentucky.

Oct. 10, 1978.

Thomas E. Clay, Louisville, for appellant.

Robert F. Stephens, Atty. Gen., Reid C. James, Asst. Atty. Gen., Frankfort, for appellee.

REED, Justice.

The appellant, Larry Edwards, was convicted of murder and sentenced to confinement for life in the penitentiary. His codefendant, George Hurst, was indicted but the charges were dismissed when he testified for the Commonwealth against Edwards. The evidence against Edwards is sufficient to support the verdict. We have concluded that Edwards received a fair trial and accordingly affirm the judgment.

Edwards asserts that the trial court erred in admitting into evidence some 45 caliber bullets which were procured as a

result of a search of the apartment where Edwards lived. The search was authorized by a search warrant. Edwards attacks the affidavit on which the warrant was based on two principal grounds, first, he argues that the information contained in the affidavit was stale and, second, he contends that the integrity and reliability of the named informant, Janet Slack, was not demonstrated by the terms of the affidavit. He argues that there is all the more reason to require a showing of integrity and reliability on the part of the informant because this affidavit is based on hearsay. We have previously held that "hearsay on hearsay" is not defective where the totality of the circumstances is such that the magistrate can make an independent judgment as in any other affidavit for search warrant. *Commonwealth v. Eilers*, Ky., 503 S.W.2d 724 (1974). The affidavit in this case is based upon information furnished by Janet Slack, the girl friend of George Hurst, to a police officer who then relayed the information to a detective who made an independent investigation.

■ In the total circumstances, we conclude there was a sufficient showing of probable cause. In *Embry v. Commonwealth*, Ky., 492 S.W.2d 929 (1973), we held that where the affidavit for a search warrant disclosed the identity of the informant and his information was spelled out, the inquiry should be directed to the circumstances which existed when the warrant was issued. The general rule has long been that an affidavit for a search warrant based on information furnished by a named individual is ordinarily sufficient to support the warrant. In *Embry*, supra, we pointed out that the United States Supreme Court had taken the position that warrantless searches are per se unreasonable unless they can be validated under carefully delimited exceptions to the requirement of a warrant. We observed in *Embry* that in the interest of law enforcement the securing of warrants should be encouraged and not discouraged by hypertechnical mousetracking of the language of the affidavit on which the warrant was based. We therefore hold that this search warrant was sufficient and the court properly admitted the evidence.

■ Edwards also complains that the trial court erred in leaving the issue of whether George Hurst was his accomplice to the jury for its determination under the instructions. Edwards argues that the jury should have been instructed that Hurst was his accomplice as a matter of law. We think the evidence is sufficiently equivocal concerning the activities of Hurst at the time of the killing, that the issue of whether Hurst was an accomplice on the occasion in question was properly left to the determination of the jury. See *Mouser v. Commonwealth*, Ky., 491 S.W.2d 821 (1973).

Edwards next assignment of error is that the trial court improperly refused to allow his counsel to cross-examine Hurst about certain inconsistent statements made by Hurst during the course of a polygraph test. The courts of this state have yet to admit into evidence the result of polygraph tests. *Henderson v. Commonwealth*, Ky., 507 S.W.2d 454 (1974), *Conley v. Commonwealth*, Ky., 382 S.W.2d 865 (1964), *Colbert v. Commonwealth*, Ky., 306 S.W.2d 825 (1957).

■ The credibility of any witness may be impeached by showing that he has made statements inconsistent with his present testimony. *Jett v. Commonwealth*, Ky., 436 S.W.2d 788 (1969). In certain circumstances, these out-of-court statements may be considered as substantive evidence. *Caldwell v. Commonwealth*, Ky., 550 S.W.2d 533 (1977).

The Commonwealth argues that when admission of prior inconsistent statements violates another rule of evidence, such as the prohibition against admission of polygraph results, the better practice is to deny its admission. The Commonwealth further argues that even if there was error in excluding the inconsistent statements made during the polygraph test the error was harmless since Hurst admitted during direct examination that he had originally made other statements inconsistent with his testimony at trial. More specifically, Hurst admitted denying any knowledge of the murder

when investigating officers initially questioned him. Thus the jury did receive evidence impeaching the credibility of the witness Hurst.

In *Henderson v. Commonwealth*, Ky., 507 S.W.2d 454, 460 (1974), we said:

Unquestionably the polygraph report itself was inadmissible, but there was no reason Gillingham [the Kentucky State Police officer who administered the polygraph test] could not have testified in person on the limited subject of Henderson's mental capacity and state of mind at the time of his interview. There having been no attempt to develop such testimony by avowal, we do not know what the man would have said, and therefore cannot make the threshold determination of prejudice. (footnote omitted).

We do not share the alarm of the Commonwealth that in the laying of the foundation for introduction of prior inconsistent statements the fact that a polygraph test was involved is an insurmountable obstacle. We are of the opinion that prior inconsistent statements elicited during the polygraph test are admissible if no mention is made that the statements were uttered during a polygraph examination and no reference is made to the fact that a polygraph examination was conducted. Nevertheless, we are in agreement with the Commonwealth that the error here was not prejudicial because the prior inconsistent statements of Hurst at times other than during the polygraph examination were introduced into evidence for the jury's consideration.

Although Edwards complains that he was entitled to an instruction on the presumption of innocence and the Commonwealth replies that he was not so entitled, it appears to us that both Edwards and the Commonwealth apparently overlooked the instruction which the trial judge actually gave. That instruction reads:

The defendant is presumed to be innocent of the charge herein until his guilt has been established by the proof beyond a reasonable doubt . . . ..

This instruction appears in substantial compliance with *Taylor v. Kentucky*, 436 U.S. 478, 98 S.Ct. 1930, 56 L.Ed.2d 468 (1978) and *Whorton v. Commonwealth*, Ky., 570 S.W.2d 627 (1978).

The judgment is affirmed.

All concur.