NO. 12-00-00181-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




ROBERT FRANKLIN CALDWELL,
§
 APPEAL FROM THE 7TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS







PER CURIAM


 Robert Franklin Caldwell ("Appellant") appeals the revocation of his probation and
adjudication of guilt for which he was sentenced to twenty-five years of confinement. Appellant
raises one issue on appeal. Since we are without jurisdiction to consider this issue, we dismiss
Appellant's appeal.


Background

 Pursuant to a plea bargain with the State of Texas (the "State"), Appellant pled guilty to
aggravated assault. The court deferred finding Appellant guilty and placed him on probation for a
period of ten years. On February 9, 2000, the State filed a motion to revoke Appellant's probation
and to proceed to adjudication, alleging that Appellant had violated the terms of his probation. A
hearing was held on the State's motion to revoke and the court found that Appellant had violated the
terms of his probation as alleged. The trial court revoked Appellant's probation, proceeded to
adjudicate Appellant guilty of aggravated assault and assessed Appellant's punishment at twenty-five
years of confinement. On appeal, Appellant contends that the trial court did not act as a neutral and
detached magistrate in that it had predetermined the result of the hearing on the State's motion to
adjudicate. (1) 


Appealing Revocation of 

Deferred Adjudicated Probation Texas Code of Criminal Procedure Article 42.12 section 5(b) governs the situation at issue. 
Article 42.12 section 5(b) states:


 On violation of a condition of community supervision imposed under Subsection (a) of this section,
the defendant may be arrested and detained as provided in Section 21 of this article. The defendant
is entitled to a hearing limited to the determination by the court of whether it proceeds with an
adjudication of guilt on the original charge. No appeal may be taken from this determination. 
(Emphasis added).


Tex. Code. Crim. Proc. Ann. art. 42.12 § 5(b) (Vernon Supp. 2001). 

 In Connolly v. State, 983 S.W.2d 738 (Tex. Crim. App. 1999), the Court of Criminal Appeals
recently reiterated a long line of cases dealing with situations similar to the instant case. See
Connolly, 983 S.W.2d at 740-741, citing Williams v. State, 492 S.W.2d 931, 932-33 (Tex. Crim.
App. 1979) (trial court's decision to proceed with an adjudication of guilt is one of absolute
discretion and is not reviewable); Wright v. State, 592 S.W.2d 604, 606 (Tex. Crim. App. 1980)
(under the terms of the statute, no appeal may be taken from the hearing in which the trial court
determines to proceed with an adjudication of guilt on the original charge); Phynes v. State, 828
S.W.2d 1, 2 (Tex. Crim. App. 1992) (on appeal of trial court's decision to revoke probation and
adjudicate, even if Appellant's right to counsel had been violated, Appellant could not use direct
appeal as the vehicle with which to seek redress); Olowosuko v. State, 826 S.W.2d 940, 942 (Tex.
Crim. App. 1992) (explaining that Court of Criminal Appeals had "held from the beginning of
deferred adjudication practice that the Legislature [had] meant what it said in Article 42.12 § 5(b)"). 
The Court continued:


 In all these cases, we have tried to make clear that, given the plain meaning of Article 42.12 § 5(b),
an appellant whose deferred adjudication probation has been revoked and who has been adjudicated
guilty of the original charge, may not raise on appeal contentions of error in the adjudication of guilt
process. (citation omitted). Moreover, since the legislature has not overturned our interpretation of
the statute after all these years, we are confident that our interpretation is correct. See State v. Hall,
829 S.W.2d 184, 187 (Tex. Crim. App. 1992) (prolonged legislative silence following judicial
interpretation of statute implies approval of interpretation).


Connolly, 983 S.W.2d at 741. 

 In our view, given the factual similarities between Connolly and the case at hand, the
holdings in Connolly and the cases cited therein control the instant case. Here, Appellant contends
that the trial court did not act as a neutral and detached magistrate in that it had predetermined the
result of the hearing on the State's motion to adjudicate. Given the plain meaning of Article 42.12
section 5(b) and the long line of authority from the Court of Criminal Appeals on this issue, we hold
that Appellant cannot raise these issues, which arise out of the trial court's decision to proceed with
the adjudication of guilt following the revocation of Appellant's probation. 

 Accordingly, this appeal is dismissed for want of jurisdiction. 


Opinion delivered July 25, 2001.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.



(DO NOT PUBLISH)









COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

JUDGMENT


JULY 25, 2001


NO. 12-00-00181-CR


ROBERT FRANKLIN CALDWELL,

Appellant

V.

THE STATE OF TEXAS,

Appellee








 Appeal from the 7th Judicial District Court

 of Smith County, Texas. (Tr.Ct.No. 7-81669-97)








 THIS CAUSE came to be heard on the appellate record and briefs filed herein,
and the same being inspected, it is the opinion of this Court that it does not have jurisdiction to hear
Appellant's case.

 It is therefore ORDERED, ADJUDGED and DECREED that Appellant's
appeal is Dismissed For Want Of Jurisdiction; and that this decision be certified to the court
below for observation. 

 By per curiam opinion.

 Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.











THE STATE OF TEXAS

M A N D A T E

TO THE SEVENTH JUDICIAL DISTRICT COURT OF SMITH COUNTY,
GREETINGS:


 Before our Court of Appeals for the 12th Court of Appeals District of Texas, on the 25th
day of July, 2001, the cause upon appeal to revise or reverse your judgment between


ROBERT FRANKLIN CALDWELL, Appellant



NO. 12-00-00181-CR and Tr. Ct. Case Number 7-81669-97



Opinion by Per Curiam.



THE STATE OF TEXAS, Appellee



was determined; and therein our said Court made its order in these words:

 THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same
being inspected, it is the opinion of this Court that it does not have jurisdiction to hear Appellant's
case.


 It is therefore ORDERED, ADJUDGED and DECREED that Appellant's appeal is
Dismissed For Want Of Jurisdiction; and that this decision be certified to the court below for
observation. 


 WHEREAS, YOU ARE HEREBY COMMANDED to observe the foregoing order of said
Court of Appeals for the Twelfth Court of Appeals District of Texas in this behalf, and in all things
have it duly recognized, obeyed, and executed.


 WITNESS, THE HONORABLE LEONARD DAVIS, Chief Justice of said Court of
Appeals for the Twelfth Court of Appeals District, with the Seal thereof affixed, at the City of Tyler,
this the ______ day of __________________, 2001.


 CATHY S. LUSK, CLERK



 By:_______________________________

 Deputy Clerk 

1. Appellant bases his contention on statements made by the trial judge prior to the revocation of his
probation. Specifically, the trial judge, both prior to accepting the plea bargain and at the original sentencing
hearing, informed Appellant that if it was later proven that he violated his probation, his probation would be revoked
and he would go to prison.