NO. 12-00-00204-CR


IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS

 KAMEL NADIR LUQMAN,
§
 APPEAL FROM THE SECOND

APPELLANT



 §
 JUDICIAL DISTRICT COURT OF 



THE STATE OF TEXAS,

APPELLEE
§
 CHEROKEE COUNTY, TEXAS






PER CURIAM

 Kamel Nadir Luqman ("Appellant") appeals the revocation of his probation and adjudication
of guilt for which he was sentenced to seven years of confinement. In two issues, Appellant
contends he was denied his right to effective assistance of counsel and that the revocation of his
probation violated his State and Federal Constitutional protections against double jeopardy. Since
we are without jurisdiction to consider these issues, we dismiss Appellant's appeal.


Background

 On March 23, 1998, Appellant was charged with failure to appear in accordance with the
terms of his conditional release from custody pursuant to a pending felony charge. (1) On November
13, 1998, Appellant entered into a plea bargain with the State of Texas (the "State"). Appellant pled
guilty to the offense of failure to appear as alleged in the indictment. The trial court deferred a final
adjudication of guilt, assessment of punishment, and pronouncement of sentence and placed
Appellant on probation for two years. On October 29, 1999, the State filed an application to revoke
Appellant's probation due to Appellant's alleged failure to report to his supervision officer. (2) A
hearing was held on the State's application to revoke Appellant's probation on January 12, 2000. 
At the hearing, the State presented evidence that Appellant failed to report to his assigned probation
supervision officer. There was further evidence that Appellant performed no community service. 
Appellant testified that his failure to report was due to his transportation and medical problems. 
Verlene Luqman, Appellant's wife, also testified that Appellant had attempted to report, and further,
that he had transportation and medical problems. The State presented rebuttal evidence to the
testimony offered by Appellant and Verlene Luqman.


Appealing Revocation of Deferred Adjudicated Probation

 Texas Code of Criminal Procedure Article 42.12 section 5(b) governs the situation at issue. 
Article 42.12 section 5(b) states:


 On violation of a condition of community supervision imposed under Subsection (a) of this section,
the defendant may be arrested and detained as provided in Section 21 of this article. The defendant
is entitled to a hearing limited to the determination by the court of whether it proceeds with an
adjudication of guilt on the original charge. No appeal may be taken from this determination.


Tex. Code. Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2001) (emphasis added).

 In Connolly v. State, 983 S.W.2d 738 (Tex. Crim. App. 1999), the Court of Criminal Appeals
recently reiterated a long line of cases dealing with situations similar to the instant case. See
Connolly, 983 S.W.2d at 740-741, citing Williams v. State, 492 S.W.2d 931, 932-33 (Tex. Crim.
App. 1979) (trial court's decision to proceed with an adjudication of guilt is one of absolute
discretion and is not reviewable); Wright v. State, 592 S.W.2d 604, 606 (Tex. Crim. App. 1980)
(under the terms of the statute, no appeal may be taken from the hearing in which the trial court
determines to proceed with an adjudication of guilt on the original charge); Phynes v. State, 828
S.W.2d 1, 2 (Tex. Crim. App. 1992) (on appeal of trial court's decision to revoke probation and
adjudicate, even if Appellant's right to counsel had been violated, Appellant could not use direct
appeal as the vehicle with which to seek redress); Olowosuko v. State, 826 S.W.2d 940, 942 (Tex.
Crim. App. 1992) (explaining that Court of Criminal Appeals had "held from the beginning of
deferred adjudication practice that the Legislature [had] meant what it said in Article 42.12, § 5(b)"). 
The Court continued:


 In all these cases, we have tried to make clear that, given the plain meaning of Article 42.12, § 5(b),
an appellant whose deferred adjudication probation has been revoked and who has been adjudicated
guilty of the original charge, may not raise on appeal contentions of error in the adjudication of guilt
process. (citation omitted). Moreover, since the legislature has not overturned our interpretation of
the statute after all these years, we are confident that our interpretation is correct. See State v. Hall,
829 S.W.2d 184, 187 (Tex. Crim. App. 1992) (prolonged legislative silence following judicial
interpretation of statute implies approval of interpretation).


Connolly, 983 S.W.2d at 741. 

 In our view, given the factual similarities between Connolly and the case at hand, the
holdings in Connolly and the cases cited therein control the instant case. Here, Appellant contends
(1) that he was denied the effective assistance of counsel in the hearing on the revocation of his
deferred adjudicated probation and (2) that the revocation of his probation violated his State and
Federal Constitutional protections against double jeopardy. Given the plain meaning of Article
42.12 section 5(b) and the long line of authority from the Court of Criminal Appeals on this issue,
we hold that Appellant cannot raise these issues, which arise out of the trial court's decision to
proceed with the adjudication of guilt following the revocation of Appellant's probation. 

 Accordingly, this appeal is dismissed for want of jurisdiction. 


Opinion delivered July 25, 2001.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.



(DO NOT PUBLISH)
1. See Tex. Pen. Code Ann. § 38.10 (Vernon Supp. 2001).
2. The record also reflects that Appellant was arrested and brought before the trial court on October 5, 1999
for violation of the conditions of his probation. There is no indication in the record of an application by the State for
revocation of Appellant's probation prior to October 5, 1999. The record is further silent as to what occurred during 
Appellant's October 5, 1999 court appearance, except that the trial court did not, at that time, revoke Appellant's
probation.