NO. 12-00-00203-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


FREDDIE JAMES FOREMAN,
§
 APPEAL FROM THE 349TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 HOUSTON COUNTY, TEXAS






PER CURIAM


 Appellant Freddie James Foreman pleaded guilty to the offense of aggravated possession of
a controlled substance of 28 grams or more, but less than 400 grams, which is a first degree felony.
As part of a plea bargain agreement, the trial court gave Appellant ten years deferred adjudication
probation and ninety days in an Intermediate Sanction Facility, plus a $1,000.00 fine. Six years later,
the State filed a Motion to Adjudicate Guilt, which the trial court granted, and Appellant was
sentenced to twenty-seven years in prison. In his sole issue, Appellant complains that the evidence
is insufficient to support a finding that he violated his community supervision by committing the
offense of delivery of a controlled substance in an amount of one gram or more, but less than four
grams. We dismiss the appeal for want of jurisdiction.


Appealing Revocation of Deferred Adjudicated Probation


 Texas Code of Criminal Procedure Article 42.12 section 5(b) governs the situation at issue. 
Article 42.12 section 5(b) states:


 On violation of a condition of community supervision imposed under Subsection (a) of this section,
the defendant may be arrested and detained as provided in Section 21 of this article. The defendant
is entitled to a hearing limited to the determination by the court of whether it proceeds with an
adjudication of guilt on the original charge. No appeal may be taken from this determination.


Tex. Code. Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2001) (emphasis added).

 In Connolly v. State, 983 S.W.2d 738 (Tex. Crim. App. 1999), the Court of Criminal Appeals
recently reiterated a long line of cases dealing with situations similar to the instant case. See
Connolly, 983 S.W.2d at 740-741, citing Williams v. State, 492 S.W.2d 931, 932-33 (Tex. Crim.
App. 1979) (trial court's decision to proceed with an adjudication of guilt is one of absolute
discretion and is not reviewable); Wright v. State, 592 S.W.2d 604, 606 (Tex. Crim. App. 1980)
(under the terms of the statute, no appeal may be taken from the hearing in which the trial court
determines to proceed with an adjudication of guilt on the original charge); Phynes v. State, 828
S.W.2d 1, 2 (Tex. Crim. App. 1992) (on appeal of trial court's decision to revoke probation and
adjudicate, even if Appellant's right to counsel is violated, Appellant could not use direct appeal as
the vehicle with which to seek redress); Olowosuko v. State, 826 S.W.2d 940, 942 (Tex. Crim. App.
1992) (explaining that Court of Criminal Appeals had "held from the beginning of deferred
adjudication practice that the Legislature [had] meant what it said in Article 42.12 § 5(b)"). In
Connally, the Court held the following:


 In all these cases, we have tried to make clear that, given the plain meaning of Article 42.12 § 5(b),
an appellant whose deferred adjudication probation has been revoked and who has been adjudicated
guilty of the original charge, may not raise on appeal contentions of error in the adjudication of guilt
process. (citation omitted). Moreover, since the legislature has not overturned our interpretation of
the statute after all these years, we are confident that our interpretation is correct. See State v. Hall,
829 S.W.2d 184, 187 (Tex. Crim. App. 1992) (prolonged legislative silence following judicial
interpretation of statute implies approval of interpretation).


Connolly, 983 S.W.2d at 741. 

 In our view, given the factual similarities between the two cases, the holdings in Connolly
and the cases cited therein control the instant case. Here, Appellant contends that there is factually
insufficient evidence to support a finding support a finding that he violated his community
supervision by committing the offense of delivery of a controlled substance in an amount of one
gram or more, but less than four grams. Given the plain meaning of Article 42.12 section 5(b) and
the long line of authority from the Court of Criminal Appeals on this issue, we hold that Appellant 



cannot raise this issue, which arises out of the trial court's decision to proceed with the adjudication
of guilt. Thus, Appellant's issue is overruled.

 Accordingly, this appeal is dismissed for want of jurisdiction. 


Opinion delivered July 25, 2001.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.


































(DO NOT PUBLISH)