NO. 12-02-00108-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS


 


SHIRLEY ANN HOWELL,
§
 APPEAL FROM THE 173RD

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 HENDERSON COUNTY, TEXAS






MEMORANDUM OPINION


 In seven issues, Shirley Ann Howell ("Appellant") contends that the trial court abused its
discretion by revoking her probation and sentencing her to two years of imprisonment for organized
criminal activity. Since we are without jurisdiction to consider this issue, we dismiss Appellant's
appeal.


Background


 Appellant was indicted for engaging in organized criminal activity, a third degree felony. 
Pursuant to a plea bargain with the State of Texas (the "State"), Appellant pleaded guilty and the trial
court placed her on deferred adjudication probation for a period of five years. On February 22, 2001,
the State filed a motion to revoke Appellant's probation and to proceed to adjudication, alleging that
Appellant failed to comply with the conditions of her probation by 1) twice testing positive for
amphetamines, 2) failing to report to her community supervision officer on seven separate occasions,
3) failing to pay supervision fees for thirteen months, 4) failing to pay attorney's fees, court costs,
and fines for twenty-three months, 5) failing to perform ten hours of community supervision per
month for sixteen months, and 6) failing to obtain a General Equivalency Diploma (GED) within one
year of the date Appellant was placed on probation. A hearing was held on the State's motion to
revoke, and the court found that Appellant had violated her probation as alleged. The trial court
revoked Appellant's probation and proceeded to adjudicate Appellant guilty of engaging in organized
criminal activity. Evidence was heard on both the motion to revoke and on the issue of punishment. 
The trial court assessed Appellant's punishment at two years of imprisonment. On appeal, Appellant
contends that the abused its discretion by revoking her probation based on legally and factually
insufficient evidence. (1) 


Appealing Revocation of Deferred Adjudicated Probation

 Texas Code of Criminal Procedure Article 42.12, section 5(b) governs the situation at issue. 
Article 42.12, section 5(b) states:


 On violation of a condition of community supervision imposed under Subsection (a) of this section,
the defendant may be arrested and detained as provided in Section 21 of this article. The defendant
is entitled to a hearing limited to the determination by the court of whether it proceeds with an
adjudication of guilt on the original charge. No appeal may be taken from this determination.


Tex. Code. Crim. Proc. Ann. art. 42.12 §5(b) (Vernon Supp. 2001) (emphasis added).

 In Connolly v. State, 983 S.W.2d 738, 741 (Tex. Crim. App.1999), the court of criminal
appeals reiterated a long line of cases dealing with situations similar to the instant case. See
Connolly, 983 S.W.2d at 740-741 (citing Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992)
(on appeal of trial court's decision to revoke probation and adjudicate, even if Appellant's right to
counsel had been violated, Appellant could not use direct appeal as the vehicle with which to seek
redress); Olowosuko v. State, 826 S.W.2d 940, 942 (Tex. Crim. App. 1992) (explaining that Court
of Criminal Appeals had "held from the beginning of deferred adjudication practice that the
Legislature [had] meant what it said in Article 42.12 §5(b)"); Wright v. State, 592 S.W.2d 604, 606
(Tex. Crim. App. 1980) (under the terms of the statute, no appeal may be taken from the hearing in
which the trial court determines to proceed with an adjudication of guilt on the original charge);
Williams v. State, 492 S.W.2d 931, 932-33 (Tex. Crim. App. 1979) (trial court's decision to proceed
with an adjudication of guilt is one of absolute discretion and is not reviewable)). The Court
continued:


 In all these cases, we have tried to make clear that, given the plain meaning of Article 42.12 §5(b), an
appellant whose deferred adjudication probation has been revoked and who has been adjudicated
guilty of the original charge, may not raise on appeal contentions of error in the adjudication of guilt
process. (citation omitted). Moreover, since the legislature has not overturned our interpretation of
the statute after all these years, we are confident that our interpretation is correct. See State v. Hall,
829 S.W.2d 184, 187 (Tex. Crim. App. 1992) (prolonged legislative silence following judicial
interpretation of statute implies approval of interpretation).


Connolly, 983 S.W.2d at 741. 

 In our view, given the factual similarities between Connolly and the case at hand, the
holdings in Connolly and the cases cited therein control the instant case. Here, Appellant contends
that the trial court abused its discretion by revoking her probation based on legally and factually
insufficient evidence. Given the plain meaning of Article 42.12, section 5(b) and the long line of
authority from the court of criminal appeals on this issue, we hold that Appellant cannot raise these
issues, which arise out of the trial court's decision to proceed with the adjudication of guilt following
the revocation of Appellant's probation. 

 Accordingly, this appeal is dismissed for want of jurisdiction.

 JAMES T. WORTHEN 

 Chief Justice


Opinion delivered July 31, 2003.

Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.







(DO NOT PUBLISH)
1. Specifically, Appellant contends that the trial court abused its discretion by revoking her probation and
proceeding to a final adjudication of guilt because 1) the revocation was "not established by the evidence," 2) the
State failed to meet its burden of proving each alleged violation by a preponderance of the evidence, 3) the State's
allegations were unsupported by the evidence presented at trial, 4) the State failed to meet its burden of proving that
Appellant's failure to pay fines, fees and costs was willful or intentional, 5) Appellant "raised the affirmative defense
of inability to pay fines and fees or to report to the community supervision office, and where there was no
controverting evidence offered by the State," 6) the State presented no evidence that "Appellant's use of prescription
medication was illegitimate or illegal, and there was no evidence that any medication used by Appellant was harmful
or illegal," and 7) error was committed when the trial court held "evidence of random urinalysis sufficient to sustain
allegations of illegal or forbidden use of amphetamine because the statute requiring probationers to submit to
urinalysis does not authorize community supervision officers to dictate random submission to urinalysis."