RENDERED:  DECEMBER 4, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1358-MR

LAMONTE DRAKE                                                        APPELLANT

APPEAL FROM MUHLENBERG CIRCUIT COURT
v.        HONORABLE BRIAN WIGGINS, JUDGE
ACTION NO. 19-CR-00173

COMMONWEALTH OF KENTUCKY                                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, DIXON, AND TAYLOR, JUDGES.

COMBS, JUDGE:  This is a criminal case in which the appellant challenges the trial court's denial of his motion *in limine* to suppress evidence.  Appellant, Lamonte Drake, appeals from an order denying his motion to suppress evidence which he alleged was seized based upon a deficient warrant.  After our review, we affirm.

Drake was indicted by a Muhlenberg County grand jury for first-degree trafficking in a controlled substance (methamphetamine, two or more grams, second or subsequent offense) and possession of drug paraphernalia.

On July 18, 2019, defense counsel filed a motion to suppress evidence seized as a result of the search warrant issued on multiple grounds: that it did not accurately describe Drake's residence; that statements made by sources Jeremy Hobgood and Pamela Hobgood were contradictory; that Jeremy Hobgood had no personal knowledge of any alleged activity; that the search warrant should have been limited to Drake's garage; and that the attesting officer materially misrepresented and omitted facts. Drake also raised issues as to the reliability of the sources and lack of corroboration.

The matter was heard on July 29, 2019. Detective Troy Gibson, the current case officer, testified at the hearing. Detective Gibson requested a search warrant for Drake's residence after having spoken to an Officer Robinson about two individuals who had been arrested in Logan County. Attached to Detective Gibson's affidavit (and incorporated therein) are statements from those two individuals/informants which described an incident involving the purchase of methamphetamine from Drake.

Exhibit "A" is a statement given by a confidential informant (CI) which described Drake's residence and its location and stated that on May 4, 2019,

the CI and "another female" went to Monte Drake's residence.  The CI stated that his "wife went inside drakes [*sic*] residence came back out after about 10 minutes. CI states wife returned with about 1 oz of crystal meth for $550."  (Trial Record (TR), p. 19.)

Exhibit "B" is the statement of Pam Hobgood, which reflected that she and her husband went to "Monte Drake's residence" on May 4, 2019.  The location of the residence was described.  Pam Hobgood stated that she went inside the garage and "met Mr. Drake and bought 1 ounce of crystal methamphetamine from Mr. Drake for $550.00 cash."  The statement also reflected that Pam Hobgood acknowledged that "she is familiar with Monte Drake and has bought meth from him several times in the past." (TR, p. 18.)

At the close of the hearing, the trial court explained that it had no real concern about the issues that Drake raised as to any confusion on the part of the magistrate who issued the warrant regarding which residence was to be searched.[1] The court found that the information in the affidavit was clear as to the residence to be searched.  The court explained that, "It gets down to the issue of whether or not the statements that are attached to and incorporated into the affidavit are sufficient to establish probable cause.  I think it's clear that Ms. Hobgood's statement is

---

[1] As the Commonwealth notes in its brief, Drake has not disputed the accuracy of the description of the residence on appeal.

sufficient to establish probable cause." The court pointed to *Edwards v. Commonwealth*, 573 S.W.2d 640 (Ky. 1978), which holds that an affidavit in support of a search warrant based on information furnished by a named individual is ordinarily sufficient to support the warrant. The court determined that Ms. Hobgood's information was adequate to establish probable cause. The court also noted that the statement made by Hobgood's husband was "quite redundant." Based on those statements, and relying particularly on *Edwards*, the court denied the motion to suppress.

On July 31, 2019, the trial court entered a written order denying the motion to suppress, noting that it had made "separate findings of fact and conclusions of law on the record."

Drake subsequently entered a conditional guilty plea. The court entered Judgment and Final Sentencing on September 4, 2019, sentencing him to ten-years' imprisonment and preserving his right to appeal the order entered on July 31, 2019, denying the suppression motion.

On appeal, Drake raises four arguments captioned only as follows: A. Uncorroborated Tip; B. Reliability; C. Totality of Circumstances; and D. Necessary Findings. (Original uppercase emphasis deleted.) Drake contends: that without additional corroborating evidence, the warrant was defective; that there was no evidence of reliability in the CI's or Pam Hobgood's statement; that the

trial court applied the wrong standard; and that it failed to consider or to make any findings regarding the totality of the circumstances. Since these sub-categories essentially all relate to the same issue of suppression, we shall address them together.

When faced with a motion to suppress evidence obtained pursuant to a search warrant, a trial judge should apply "the *Gates*[2] standard and determine whether under the 'totality of the circumstances' presented within the four corners of the affidavit, a warrant-issuing judge had a substantial basis for concluding that probable cause existed." *Commonwealth v. Pride*, 302 S.W.3d 43, 49 (Ky. 2010).

The standard of appellate review of a ruling on a motion to suppress evidence obtained pursuant to a search warrant is as follows: first we must determine if substantial evidence supports the trial court's factual findings; then we must consider if the trial court correctly determined that the judge issuing the warrant had "a 'substantial basis for . . . conclud[ing]' that probable cause existed." *Id.* (quoting *Gates*, 462 U.S. at 236, 103 S.Ct. 2317). Reviewing courts must afford great deference to the decision of the warrant-issuing judge. *Id.*

---

2 *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

An unpublished decision[3] of our Supreme Court, *Sapp v. Commonwealth*, Nos. 2010-SC-000444-MR and 2010-SC-000445-MR, 2011 WL 4430884 (Ky. Sept. 22, 2011), involved a highly similar factual scenario. We find its reasoning persuasive. In *Sapp*, Officer Coomes arrested Carlisle for reasons that were unclear in the record. While questioning him, Officer Coomes learned that Carlisle was on his way to Appellant Sapp's residence to buy methamphetamine. Officer Coomes called the county sheriff and relayed the information. Aware of Sapp's reputation as a drug dealer, the sheriff submitted an affidavit for a search warrant of Sapp's home, including the information that Officer Coomes related about what Carlisle had told him.

The trial court found that probable cause existed for issuance of the warrant and was further persuaded by the fact Carlisle was a known and named informant who had established the basis for his knowledge. On appeal, our Supreme Court explained as follows:

> Appellants erroneously devalue the fact that Carlisle is a named informant, "The general rule has long been that an affidavit for a search warrant based on information furnished by a named individual is ordinarily sufficient to support the warrant." *Embry v. Commonwealth*, 492 S.W.2d 929, 931 (Ky. 1973). When the informant is identified, there is no need for a specific

---

[3] We cite this unpublished Opinion pursuant to the standard set forth in Kentucky Rule of Civil Procedure (CR) 76.28(4)(c).

showing of his or her reliability. *Embry*, 492 S.W.2d at 931.

Even so, Carlisle indicated that his basis of knowledge was his own personal experience and observations. As explained in the affidavit, Carlisle identified Roger Sapp's exact street address. Carlisle stated that he had previously bought meth from Roger Sapp and that he was on his way to Sapp's residence for that specific purpose. "When a witness has seen evidence in a specific location in the immediate past, and is willing to be named in the affidavit, the totality of the circumstances presents a substantial basis for conducting a search for that evidence." *U.S. v. Pelham*, 801 F.2d 875, 878 (6th Cir. 1986) (internal quotations omitted)….

Further, Carlisle provided information against his own penal interest. He admitted to previously purchasing methamphetamine from Roger Sapp and to selling it himself. "Admissions of crime . . . carry their own indicia of credibility—sufficient at least to support a finding of probable cause to search." *Lovett v. Commonwealth*, 103 S.W.3d 72, 78-79 (Ky. 2003).

*Id.* at *3.

In the case before us, Pam Hobgood was a named informant. As the trial court correctly determined, that fact is sufficient to support the warrant. Moreover, Hobgood established the basis for her own knowledge and observations. She also provided information against her own penal interest. Therefore, information presented in the affidavit incorporating her statement was sufficient to establish probable cause to issue the search warrant. The trial court did not err in denying Drake's motion to suppress.

Accordingly, we AFFIRM.

DIXON, JUDGE, CONCURS.

TAYLOR, JUDGE, CONCURS IN RESULT ONLY.


BRIEF FOR APPELLANT:

Daniel Joseph Sherman, Jr.
Greenville, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Christopher Henry
Assistant Attorney General
Frankfort, Kentucky