Tony Curtis **WRIGHT**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 57230.

Court of Criminal Appeals of Texas, Panel No. 3.

Jan. 16, 1980.

James P. Finstrom, Dallas, for appellant.

Henry M. Wade, Dist. Atty., Maridell Templeton and Les S. Eubanks, Jr., Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS and TOM G. DAVIS, JJ.

OPINION

TOM G. DAVIS, Judge.

Appeal is taken from an order revoking probation.[1]

On January 21, 1977, appellant pled guilty to a charge of burglary of a building. After hearing the evidence, and finding that it substantiated appellant's guilt, the trial court deferred further proceedings without entering an adjudication of guilt, and placed appellant on probation for a period of five years.

On May 19, 1977, the State filed a motion to proceed with an adjudication of guilt. The trial court then revoked appellant's

probation and entered an adjudication of guilt after finding that he had committed the offense of burglary of a habitation during his probationary term. On May 31, 1977, appellant's punishment was assessed at three years.

Initially, appellant challenges the sufficiency of the evidence to support his conviction for burglary of a building. Specifically, he maintains that his judicial confession was improperly admitted into evidence in that he was not given an opportunity to object to the admission of the confession into evidence.

■ This contention is not supported by the record. The record reflects that after appellant pled guilty, the State introduced his judicial confession into evidence:

"MISS WILSON (prosecutor): Your Honor, the State will offer State's Exhibit No. 1, the Defendant's signed judicial confession.

"(State's Exhibit No. 1 was marked for identification.)

"MR. KAZDOY (defense counsel): No objection.

"THE COURT: State's Exhibit No. 1 is admitted into evidence.

"(State's Exhibit No. 1 was admitted into evidence.)

"MISS WILSON: State rests."

Appellant next challenges the sufficiency of the evidence at the May 19, 1977, hearing in which the trial court proceeded with an adjudication of guilt on the original charge of burglary of a building.

Art. 42.12, Sec. 3d(b), supra, provides in part:

"On violation of a condition of probation imposed under Subsection (a) of this section, the defendant may be arrested and detained as provided in Section 8 of this Article. The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original

1. On original submission, this appeal was abated for the trial court to determine whether appellant was entitled to a free transcription of the court reporter's notes from his original plea of guilty. Such notes have now been transcribed and made a part of the record in this cause. The appeal is reinstated.

charge. No appeal may be taken from this determination. . . . "

We recently held in *Williams v. State,* 592 S.W.2d 931 (Tex.Cr.App.1979) that under the terms of the above statute, no appeal may be taken from the hearing in which the trial court determines to proceed with an adjudication of guilt on the original charge. Accordingly, appellant's second contention is not reviewable.

Lastly, the judgment in this case recites that the previous order deferring an adjudication of guilt is set aside and a finding of guilt entered with punishment of three years being imposed. However, the sentence recites that the three year sentence had been suspended and appellant placed on probation with that probation subsequently being revoked. We reform the sentence to conform to the recitations in the judgment. See, Art. 44.24(b), V.A.C.C.P.

The judgment is affirmed.