Rudy Dale JACKSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–88–041 CR.

Court of Appeals of Texas,
Beaumont.

Nov. 2, 1988.

Deborah Stanton Burke, Beaumont, for appellant.

Tom Maness, Crim. Dist. Atty., R.W. Fisher, Asst. Crim. Dist. Atty., Beaumont, for appellee.

## OPINION

BROOKSHIRE, Justice.

This attempted appeal by Rudy Dale Jackson arises from an *original deferred adjudication of guilt proceeding.*

The indictment was for theft of services. The Transcript clearly shows *that, in the court below, an adjudication of guilt was deferred.* A transcription of the reporter's notes, at trial, definitely reflects that the recommendation to the trial judge was a deferred adjudication of guilt with probation for 5 years. A fine of $1,500 was assessed. The Appellant agreed fully with the recommendation. A presentence report was ordered.

At a second hearing on July 15, 1985, the trial court reviewed that report and found *that the evidence showed, beyond a reasonable doubt, that Jackson was guilty of the offense of theft of services.* The District Court *affirmatively declared that it would defer the adjudication of guilt.*

Later, in December, 1987, the trial court heard a First Amended Motion to Revoke. A certain count in the motion alleged that, during probation, Jackson failed to pay the fine, make restitution and failed to pay other probation fees. Jackson responded: "True". Another count in the motion alleged that Jackson failed to report to the Probation Department as directed. Again, the Defendant said: "True". After certain admonitions and warnings, the trial court ordered an up-to-date presentence investigation report.

At a later hearing, in January, 1988, the Defendant and his attorney of record were present, both in person, before the trial judge. At the conclusion of the January 19, 1988, hearing, the court formally found that the Appellant was guilty of the offense of theft of services and assessed his punishment at confinement in the State Department of Corrections for a term of 4 years. Proper credit for jail time served was given.

■ We think it is the current, firmly-settled rule that an appeal will not lie from a trial court's decision to proceed forward with an adjudication of guilt where such adjudication was deferred under *TEX. CODE CRIM.PROC.ANN. Art. 42.12 sec. 3d(b)* (Vernon Supp.1988). *Contreras v. State,* 645 S.W.2d 298 (Tex.Crim.App.1983); *Wright v. State,* 592 S.W.2d 604 (Tex.Crim. App.1980). Hence, Ground of Error Number One is overruled, being solely based on Appellant's failure to pay. No lack of due process is urged. No appeal lies as to Ground of Error Number One.

Appellant's Ground of Error Number Two reads:

"The trial court abused its discretion in revoking Appellant's probation based on failure to report."

Again, we note, Appellant responded "true" to this charge.

The Appellant was represented by new and different counsel in the proceeding before us. In Appellant's Memorandum Brief, the brief writer concedes that the Appellant pleaded "true" to this count or paragraph.

But, nevertheless, the Appellant argues that Appellant was denied due process of law, maintaining that the terms of his probation on reporting were uncertain. The Appellant basically states that certain terms and conditions of the probation order, concerning reporting, are so vague and indefinite that the same do not inform this Appellant with sufficient certainty as to what he was actually supposed to do. Hence, he was deprived of due process. This type of contention we will address. *See Homan v. Hughes*, 708 S.W.2d 449 (Tex.Crim.App.1986). We do not agree that this term of probation is so vague and indefinite that Appellant's due process rights have been violated.

 Furthermore, it is well established that the violation of one probation term or condition will adequately support a motion to revoke. This rule applies to this instant case. *Sanchez v. State*, 603 S.W.2d 869 (Tex.Crim.App.1980). Ground of Error Number One—failure to pay—is an attempted appeal from a deferred adjudication of guilt. That part of this appeal should be dismissed. It is so ordered.

However, as to Appellant's Ground of Error Number Two, we will affirm the actions of the trial court. Hence, Appellant's Grounds of Error Number One and Number Two are overruled.

DISMISSED IN PART; AFFIRMED IN PART.

BURGESS, Justice, concurring.

I concur in the affirmance. I do not agree, however, that this should be characterized as an "attempted appeal." It is not. It is a proper appeal. I believe it unnecessary to determine the merits of the "due process" allegation inasmuch as the violation of one term or condition of probation will support an order to revoke, thus, any infirmity in the second probation violation is meaningless. I would simply affirm the conviction instead of dismissing in part and affirming in part.