NOS. 12-02-00213-CR


 12-02-00214-CR


 12-02-00215-CR


 12-02-00216-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


TERRY EDMUND MASSEY,
§
 APPEAL FROM THE SECOND

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 CHEROKEE COUNTY, TEXAS

 

MEMORANDUM OPINION


 Terry Edmund Massey ("Appellant") appeals his sentence following the trial court's
revocation of his probation. Appellant raises one issue on appeal. We affirm.


Background

 Appellant was charged in separate causes with three separate offenses of burglary of a
habitation and one count of assault on a peace officer. Appellant pleaded guilty to each of the
charges. In each cause, the trial court deferred an adjudication of guilt and placed Appellant on
probation. (1) Subsequently, the State of Texas (the "State") moved to revoke Appellant's probation
in each cause based on allegations that Appellant had violated certain terms of each respective
probation order. On July 2, 2002, the trial court revoked each of Appellant's probations, adjudicated
Appellant guilty in each cause and sentenced Appellant to separate terms of imprisonment therefor. 
Appellant's sentences were each ordered to run consecutively with one another. The sum of
Appellant's sentences is sixty years.


Factual Sufficiency of Sentences Imposed

 In his sole issue, Appellant argues that the evidence was factually insufficient to support the 
sentences imposed upon him by the trial court. We initially note that the trial court's decision to
proceed with an adjudication of guilt is one of absolute discretion and is not reviewable. See, e.g.,
Connolly v. State, 983 S.W.2d 738, 740-41 (Tex. Crim. App. 1999); Phynes v. State, 828 S.W.2d
1, 2 (Tex. Crim. App. 1992); Olowosuko v. State, 826 S.W.2d 940, 942 (Tex. Crim. App. 1992);
Wright v. State, 592 S.W.2d 604, 606 (Tex. Crim. App. 1980); Tex. Code Crim. Proc. Ann. art.
42.12 § 5(b) (Vernon Supp. 2003). However, since article 42.12, section 5(b) further provides that
"[a]fter an adjudication of guilt, all proceedings, including assessment of punishment . . . and
defendant's appeal continue as if the adjudication of guilt had not been deferred[,]" our consideration
of Appellant's issue, inasmuch as it relates to the sentences imposed, is appropriate. Tex. Code.
Crim. Proc. Ann. art. 42.12 § 5(b).

 Appellant challenges his sentences solely on the basis of factual sufficiency and makes no
argument that the sentences were a form of cruel and unusual punishment in violation of his
Constitutional rights. In considering factual sufficiency, we must first assume that the evidence is
legally sufficient under the Jackson standard. See Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim.
App. 1996). We then consider all of the evidence in the record related to Appellant's sufficiency
challenge, not just the evidence which supports the verdict. We review the evidence weighed by the
jury which tends to prove the existence of the elemental fact in dispute, and compare it to the
evidence which tends to disprove that fact. Santellan v. State, 939 S.W.2d 155, 164 (Tex. Crim.
App. 1997). We are authorized to disagree with the jury's determination, even if probative evidence
exists which supports the verdict. Clewis, 922 S.W.2d at 133. However, our review must be
appropriately deferential so as to avoid substituting our own judgment for that of the fact finder. Our
evaluation should not substantially intrude upon the jury's role as the sole judge of the weight and
credibility of witness testimony. Santellan, 939 S.W.2d at 164. Where there is conflicting evidence,
the jury's verdict on such matters is generally regarded as conclusive. See VanZandt v. State, 932
S.W.2d 88, 96 (Tex. App.-El Paso 1996, pet. ref'd). Ultimately, we must ask whether a neutral
review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is
so obviously weak as to undermine our confidence in the jury's determination, or the proof of guilt,
although adequate if taken alone, is greatly outweighed by contrary proof. Johnson v. State, 23
S.W.3d 1, 11 (Tex. Crim. App. 2000). A verdict will be set aside "only if the evidence supporting
guilt is so obviously weak, or the contrary evidence so overwhelmingly outweighs the supporting
evidence, as to render the conviction clearly wrong and manifestly unjust." Ortiz v. State, No.
73692, 2002 WL 31116634, at * 5 (Tex. Crim. App. Sept. 25, 2002).

 The legislature is vested with the power to define crimes and prescribe penalties. See Davis
v. State, 905 S.W.2d 655, 664 (Tex. App.-Texarkana 1995, pet. ref'd.); see also Simmons v. State,
944 S.W.2d 11, 15 (Tex. App.-Tyler 1996, pet. ref'd). Courts have repeatedly held that punishment
which falls within the limits prescribed by a valid statute is not excessive. See Harris v. State, 656
S.W.2d 481, 486 (Tex. Crim. App. 1983); Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App.
1973); Davis, 905 S.W.2d at 664. In the instant case, our review of the record indicates that each
of Appellant's sentences fell well within the statutory range set forth by the legislature for the
respective offense to which Appellant pleaded guilty. Moreover, Appellant concedes that the trial
court had the authority to order that his sentences run consecutively. Having reviewed the record
in its entirety, we have not encountered any evidence that causes us to conclude that the evidence
supporting the sentences imposed is obviously weak, or that the contrary evidence, if any, so
overwhelmingly outweighs the supporting evidence as to render the sentences imposed on Appellant
clearly wrong and manifestly unjust. See Ortiz, 2002 WL 31116634 at * 5. Therefore, we hold that
the evidence was factually sufficient to support the sentences imposed by the trial court following
the revocation of Appellant's respective probations. Appellant's sole issue is overruled.

 Accordingly, the sentences imposed by the trial court are affirmed.

 SAM GRIFFITH 

 Justice

Opinion delivered January 8, 2003.

Panel consisted of Worthen, C.J., and Griffith, J.

(DO NOT PUBLISH)
1. Appellant was given a separate term of probation for each of the offenses set forth herein. The term of
probation ranged from seven to ten years for each offense.