Criminal Case Template












COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



CEDRIC EUGENE ROWE,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.

§


§


§


§


§

No. 08-03-00008-CR


Appeal from the


292nd District Court


of Dallas County, Texas


(TC# F01-59379-LV)


MEMORANDUM OPINION



 This is an attempted appeal from a judgment of conviction for the offense of burglary
of habitation. The issue before us is whether we have jurisdiction to consider Appellant's
appeal. We conclude that we do not and dismiss the attempted appeal for want of
jurisdiction. 

 On February 8, 2002, Appellant entered a plea of guilty of the offense of burglary of
a habitation, and pursuant to a plea bargain, the court assessed punishment at three (3) years'
deferred adjudication community supervision and a fine of $500.00. On April 24, 2002, the
State filed a motion to proceed with adjudication of guilt, alleging the commission of a new
offense. On November 22, 2002, Appellant filed a pre-trial motion to quash the State's
motion to proceed to adjudication of guilt. The motion to quash alleged that the State's
motion was fundamentally defective in that it failed to state all of the essential elements of
the alleged offense. At the hearing on the motion, the court overruled Appellant's motion
to quash. After hearing the evidence and testimony of both parties, the court found the
State's allegation to be true and the court adjudged Appellant guilty of the burglary of
habitation offense. Appellant was sentenced to twelve years imprisonment. 

 Appellant's sole issue on appeal is that the trial court erred in denying his motion to
quash the State's motion to proceed to adjudication of guilt. 

 Article 42.12, Section 5(b) provides, in relevant part: 

 On violation of a condition of community supervision imposed under
Subsection (a) of this section, the defendant may be arrested and detained as
provided in Section 21 of this article. The defendant is entitled to a hearing
limited to the determination by the court of whether it proceeds with an
adjudication of guilt on the original charge. No appeal may be taken from this
determination. [Emphasis added]. 


 Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2003). 


 It is well established that a defendant whose deferred adjudication probation has been
revoked and who has been adjudicated guilty of the original charge, may not raise on appeal
contentions of error in the adjudication of guilt process. See, e.g., Connolly v. State, 983
S.W.2d 738, 740-41 (Tex. Crim. App. 1999) (reiterating what it characterized as the plain
meaning of Article 42.12, Section 5(b) and holding that defendant was not permitted to
appeal whether State utilized due diligence); Olowosuko v. State, 826 S.W.2d 940, 942 (Tex.
Crim. App. 1992) (following adjudication of guilt, defendant not permitted to raise points
of error related to alleged vagueness of conditions of probation or sufficiency of motion to
revoke); Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992) (defendant not permitted
to raise point of error concerning whether his right to counsel had been violated at
adjudication hearing); Wright v. State, 592 S.W.2d 604, 606 (Tex. Crim. App. 1980) (holding
that under the predecessor to Article 42.12, Section 5(b), "no appeal may be taken from the
hearing in which the trial court determines to proceed with an adjudication of guilt on the
original charge"); Williams v. State, 592 S.W.2d 931, 932-33 (Tex. Crim. App. 1979) ("the
trial court's decision to proceed with an adjudication of guilt, is one of absolute discretion
and [is] not reviewable . . ."). 

 As stated, Appellant's sole contention on appeal is that the court erred in overruling
his motion to quash the State's motion to proceed to adjudication of guilt. Appellant asserts
that this Court has jurisdiction to hear this contention on appeal. Appellant cites Moore v.
State, 11 S.W.3d 495, 499 (Tex. App.--Houston [14th Dist.] 2000, no pet.) in support of this
proposition. In Moore, the Court of Appeals stated various due process considerations that
were pertinent to revocation of probation proceedings. The Court further stated that a motion
to revoke community supervision need not meet the particularities of an indictment,
information, or complaint. Id. We note also that the Moore case involved a motion to revoke
regular community supervision-not deferred adjudication community supervision. Id. at 498. 
In the present case, the trial court necessarily determined the adequacy of the State's
allegations in determining whether to proceed to adjudication of Appellant's guilt. Thus, we
conclude we lack jurisdiction to consider Appellant's sole issue on appeal. See Olowosuko,
826 S.W.2d at 942. We dismiss the appeal for want of jurisdiction. 

July 10, 2003



 RICHARD BARAJAS, Chief Justice


Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.


(Do Not Publish)