NO. 12-02-00336-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


NORMAN PAUL MANZIEL,
§
 APPEAL FROM THE 114TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 MEMORANDUM OPINION


 Norman Paul Manziel ("Appellant") appeals the revocation of his deferred adjudication
probation, following which he was sentenced to confinement for eight months and fined five
thousand dollars. Appellant raises four issues on appeal. We dismiss for want of jurisdiction.


Background

 Appellant pleaded guilty to evading arrest. The court deferred finding Appellant guilty and
placed him on probation for five years. The State filed a motion to revoke Appellant's probation and
to proceed to adjudication, alleging that Appellant had violated certain terms of his probation. 
Specifically, the State alleged that Appellant failed to satisfactorily perform his community service
restitution. Subsequently, a hearing was held on the State's motion and the trial court found that
Appellant had violated the terms of his probation as alleged. The trial court revoked Appellant's
probation, proceeded to adjudicate Appellant guilty of evading arrest and assessed Appellant's
punishment at confinement for eight months and a fine of five thousand dollars. This appeal
followed.



Appeal of Revocation of Deferred Adjudicated Probation

 In issues one, two, three and four, Appellant argues that (1) the evidence was legally
insufficient to support revocation of his probation, (2) the trial court improperly admitted or excluded
certain evidence during the revocation proceedings, and (3) the allegations in the State's motion to
revoke did not provide Appellant with adequate notice of the alleged violations. Texas Code of
Criminal Procedure Article 42.12, section 5(b) governs the situation at issue. Article 42.12, section
5(b) states as follows:


 On violation of a condition of community supervision imposed under Subsection (a) of this section,
the defendant may be arrested and detained as provided in Section 21 of this article. The defendant
is entitled to a hearing limited to the determination by the court of whether it proceeds with an
adjudication of guilt on the original charge. No appeal may be taken from this determination. 


Tex. Code. Crim. Proc. Ann. art. 42.12 § 5(b) (Vernon Supp. 2003) (emphasis added). 

 In Connolly v. State, 983 S.W.2d 738 (Tex. Crim. App. 1999), the court of criminal appeals
reiterated a long line of cases dealing with situations similar to the instant case. See Connolly, 983
S.W.2d at 740-741 (citing Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992) (on appeal of
trial court's decision to revoke probation and adjudicate, even if the appellant's right to counsel had
been violated, the appellant could not use direct appeal as the vehicle with which to seek redress);
Olowosuko v. State, 826 S.W.2d 940, 942 (Tex. Crim. App. 1992) (explaining that court of criminal
appeals had "held from the beginning of deferred adjudication practice that the Legislature [had]
meant what it said in Article 42.12 § 5(b)"); Wright v. State, 592 S.W.2d 604, 606 (Tex. Crim. App.
1980) (under the terms of the statute, no appeal may be taken from the hearing in which the trial
court determines to proceed with an adjudication of guilt on the original charge); Williams v. State,
592 S.W.2d 931, 932-33 (Tex. Crim. App. 1979) (trial court's decision to proceed with an
adjudication of guilt is one of absolute discretion and is not reviewable)). The court continued:

 In all these cases, we have tried to make clear that, given the plain meaning of Article 42.12 § 5(b),
an appellant whose deferred adjudication probation has been revoked and who has been adjudicated
guilty of the original charge, may not raise on appeal contentions of error in the adjudication of guilt
process. (citation omitted). Moreover, since the legislature has not overturned our interpretation of
the statute after all these years, we are confident that our interpretation is correct. See State v. Hall,
829 S.W.2d 184, 187 (Tex. Crim. App. 1992) (prolonged legislative silence following judicial
interpretation of statute implies approval of interpretation).



Connolly, 983 S.W.2d at 741.

 In his reply brief, Appellant seeks to draw a distinction between the trial court's decision to
revoke his probation and its decision to proceed to adjudication. Based on our reading of Connolly
and its progeny, the court of criminal appeals has interpreted article 42.12, section 5(b) broadly to
include matters related to revocation of an appellant's probation as well as issues concerning notice
provided by the allegations in the State's motion to revoke. See Connolly, 983 S.W.2d at 740-41. 
Furthermore, Appellant's reliance on Nix v. State, 65 S.W.3d 664 (Tex. Crim. App. 2001) is
misplaced. In Nix, the court recognized an exception to article 42.12, section 5(b) that there are
some "rare situations" where the trial court's judgment imposing probation was null and void,
thereby leaving the court with nothing to revoke. Id. at 667-68. However, the court expressed no
intention to overrule its holding in Olowosuko that article 42.12, section 5(b) was applicable in light
of allegations that the State's motion to revoke failed to state a violation. See Nix, 65 S.W.3d at 667-68; Olowosuko, 826 S.W.2d at 942. Here, Appellant argues that his contention that the State's
motion was not sufficiently specific to give him notice of its allegations related to the violation of
the conditions of his probation, would render the trial court's order revoking his probation a nullity
and is, therefore, appealable like the void judgment in Nix. In light of the court's holding in
Olowosko, we decline to extend the "rare" exception recognized in Nix to the case at hand. 

 In our view, given the factual similarities between Connolly, its progeny and the case at hand,
the holdings in Connolly and the cases cited therein control the instant case as it relates to the trial
court's decision to proceed to adjudication. Given the plain meaning of article 42.12, section 5(b)
and the long line of authority from the court of criminal appeals on the issue, we hold that Appellant
cannot raise these issues, each of which arises out of the trial court's decision to proceed with the
adjudication of guilt following the revocation of Appellant's probation. Appellant's issues one, two,
three and four are overruled.

Conclusion

 Since we have determined that Appellant's issues relate to the trial court's decision to
proceed to adjudication, we dismiss this appeal for want of jurisdiction.

 JAMES T. WORTHEN 

 Chief Justice

Opinion delivered July 31, 2003.

Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.


(DO NOT PUBLISH)