Becker v. State



COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS



)
 

ALFONSO AGUIRRE-MELERO,
)
 No. 08-03-00217-CR

)


 Appellant,
)
 Appeal from

)
 

v.
)
 34th District Court

)


THE STATE OF TEXAS,
)
 of El Paso County, Texas

)


 Appellee.
)
 (TC# 76032)


O P I N I O N



 Alfonso Aguirre-Melero attempts to appeal from a conviction for the offense of possession
of cocaine. Because we conclude that Appellant is attempting to appeal the trial court's decision to
adjudicate him guilty, we dismiss the appeal for want of jurisdiction.

 The record reflects that Appellant entered a negotiated plea of guilty on February 10, 1995,
and pursuant to the plea bargain, the trial court deferred adjudicating his guilt and placed Appellant
on probation for a term of ten years. The State subsequently filed a motion to adjudicate guilt based
upon Appellant's failure to report and other violations. Appellant filed a motion to quash the State's
motion to adjudicate and the trial court denied it at the beginning of the contested hearing. During
the hearing, the trial court and counsel for Appellant became involved in several heated discussions. 
At the conclusion of the hearing, the trial court entered an adjudication of guilt. Appellant filed a
motion for new trial requesting that the trial court reconsider the ruling on the motion to quash. The
trial court refused Appellant's request for an evidentiary hearing and the motion apparently was
overruled by operation of law. Appellant then filed a notice of appeal indicating that he intends to
appeal the trial court's ruling on his motion to quash the State's motion to adjudicate. The trial
court's certification of the defendant's right to appeal reflects that Appellant has no right to appeal
the decision to adjudicate guilt. (1)

 On May 9, 2003, the Clerk's Office notified Appellant's counsel that the certification reflects
that Appellant has no right to appeal this specific issue and requested a response. Appellant's
counsel responded with a letter brief persisting in the desire to challenge not only the trial court's
ruling on the motion to quash but also alleged bias on the part of the trial court in the adjudication
decision. He claims that the trial court gave Appellant permission to appeal and then withdrew it
due to the claimed bias. (2) However, our review of the record reflects that the trial court repeatedly
told counsel that Appellant could not appeal the decision to adjudicate but he could appeal the
punishment phase of the proceeding.

 Article 42.12, section 5(b) provides, in relevant part:

 On violation of a condition of community supervision imposed under Subsection (a)
of this section, the defendant may be arrested and detained as provided in Section 21
of this article. The defendant is entitled to a hearing limited to the determination by
the court of whether it proceeds with an adjudication of guilt on the original charge. 
No appeal may be taken from this determination. [Emphasis added].


Tex.Code Crim.Proc.Ann. art. 42.12, § 5(b)(Vernon Supp. 2003).


 It is well established that a defendant whose deferred adjudication probation has been
revoked and who has been adjudicated guilty of the original charge, may not raise on appeal
contentions of error in the adjudication of guilt process. See, e.g., Connolly v. State, 983 S.W.2d
738, 740-41 (Tex.Crim.App. 1999)(reiterating what it characterized as the plain meaning of article
42.12, section 5(b) and holding that defendant was not permitted to appeal whether State utilized due
diligence); Olowosuko v. State, 826 S.W.2d 940, 942 (Tex.Crim.App. 1992)(following adjudication
of guilt, defendant not permitted to raise points of error related to alleged vagueness of conditions
of probation or sufficiency of motion to revoke); Phynes v. State, 828 S.W.2d 1, 2 (Tex.Crim.App.
1992)(defendant not permitted to raise point of error concerning whether his right to counsel had
been violated at adjudication hearing); Wright v. State, 592 S.W.2d 604, 606 (Tex.Crim.App.
1980)(holding that under Article 42.12, sec. 5(b), "no appeal may be taken from the hearing in which
the trial court determines to proceed with an adjudication of guilt on the original charge"); Williams
v. State, 592 S.W.2d 931, 932-33 (Tex.Crim.App. 1979)("the trial court's decision to proceed with
an adjudication of guilt is one of absolute discretion and [is] not reviewable . . ."). Appellant's
contentions pertaining to his motion to quash and asserted bias on the part of the trial court during
the adjudication hearing are included within section 5(b)'s prohibition. Consequently, we lack
jurisdiction to address these complaints. As Appellant has expressed his intention to raise only these
arguments, we dismiss the appeal for want of jurisdiction.



September 18, 2003 

 ANN CRAWFORD McCLURE, Justice


Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.


(Do Not Publish)
1. See Tex.R.App.P. 25.2(a)(2) and (d).
2. The trial court judge recognized that he could not give permission to appeal the decision to adjudicate because
it would contravene Article 42.12, sec. 5(b). Counsel's insistence that the court had given him permission to appeal the
adjudication decision seemed to contribute to the court's frustration with counsel during the hearing.