NO. 12-03-00104-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS


JOHN STEVE SECADA,                                  §     APPEAL FROM THE 
APPELLANT

V.                                                                         §     CRIMINAL DISTRICT COURT NO. 1 OF

THE STATE OF TEXAS,
APPELLEE                                                        §     TARRANT COUNTY, TEXAS





MEMORANDUM OPINION
            John Steve Secada (“Appellant”) appeals the trial court’s order revoking his deferred
adjudication probation, following which the trial court sentenced Appellant to imprisonment for six
years. Appellant raises two issues on appeal. We dismiss a portion of this appeal for want of
jurisdiction, and affirm the remainder. 

Background
            Appellant was charged with intentionally causing bodily injury to a child younger than fifteen
years of age and pleaded “guilty.” The trial court deferred an adjudication of guilt and placed
Appellant on probation for six years. On August 27, 2002, the State filed a motion to revoke
Appellant’s probation alleging that Appellant had committed an offense against the laws of the State
of Texas, to-wit: indecent exposure. Appellant pleaded “not true” to the allegation in the State’s
motion. Following a hearing, the trial court revoked Appellant’s probation, adjudicated Appellant
guilty as charged, and sentenced Appellant to imprisonment for ten years. 
            Subsequently, Appellant filed a motion for new trial, alleging that the trial court erred by
failing to afford him the opportunity to present punishment evidence after making its decision to
proceed to adjudication. Appellant later filed an amended motion for new trial, contending that the
trial court’s finding that Appellant violated the terms of his probation was not supported by sufficient
evidence. The trial court granted Appellant a new trial as to punishment only. Following a hearing
on punishment, the trial court sentenced Appellant to imprisonment for six years. This appeal
followed.

Appeal of Revocation of Deferred Adjudication Probation
            In his first issue, Appellant argues that the trial court abused its discretion in finding the
allegation contained in the State’s motion was supported by sufficient evidence. Texas Code of
Criminal Procedure Article 42.12, section 5(b) governs the situation at issue. Article 42.12, section
5(b) states as follows:
 
On violation of a condition of community supervision imposed under Subsection (a) of this section,
the defendant may be arrested and detained as provided in Section 21 of this article. The defendant
is entitled to a hearing limited to the determination by the court of whether it proceeds with an
adjudication of guilt on the original charge. No appeal may be taken from this determination. 
 
Tex. Code. Crim. Proc. Ann. art. 42.12 § 5(b) (Vernon Supp. 2004) (emphasis added). 
            In Connolly v. State, 983 S.W.2d 738 (Tex. Crim. App. 1999), the court of criminal appeals
reiterated a long line of cases dealing with situations similar to the instant case. See Connolly, 983
S.W.2d at 740-741 (citing Olowosuko v. State, 826 S.W.2d 940, 942 (Tex. Crim. App. 1992)
(explaining that court of criminal appeals had “held from the beginning of deferred adjudication
practice that the Legislature [had] meant what it said in Article 42.12 § 5(b)”); Phynes v. State, 828
S.W.2d 1, 2 (Tex. Crim. App. 1992) (on appeal of trial court’s decision to revoke probation and
adjudicate, even if the appellant’s right to counsel had been violated, the appellant could not use
direct appeal as the vehicle with which to seek redress); Wright v. State, 592 S.W.2d 604, 606 (Tex.
Crim. App. 1980) (under the terms of the statute, no appeal may be taken from the hearing in which
the trial court determines to proceed with an adjudication of guilt on the original charge); Williams
v. State, 592 S.W.2d 931, 932-33 (Tex. Crim. App. 1979) (trial court’s decision to proceed with an
adjudication of guilt is one of absolute discretion and is not reviewable)). The court continued:
 
In all these cases, we have tried to make clear that, given the plain meaning of Article 42.12 § 5(b),
an appellant whose deferred adjudication probation has been revoked and who has been adjudicated
guilty of the original charge, may not raise on appeal contentions of error in the adjudication of guilt
process. (citation omitted). Moreover, since the legislature has not overturned our interpretation of
the statute after all these years, we are confident that our interpretation is correct. See State v. Hall,
829 S.W.2d 184, 187 (Tex. Crim. App. 1992) (prolonged legislative silence following judicial
interpretation of statute implies approval of interpretation).
 
Connolly, 983 S.W.2d at 741.
            In our view, given the factual similarities between Connolly, its progeny, and the case at
hand, the holdings in Connolly and the cases cited therein control the instant case as it relates to the
trial court’s decision to proceed to adjudication. See also Phynes, 828 S.W.2d at 2. Considering
the plain meaning of article 42.12, section 5(b) and the long line of authority from the court of
criminal appeals on the issue, we hold that the issue Appellant seeks to raise arises out of the trial
court’s decision to proceed with the adjudication of guilt following the revocation of Appellant’s
probation. Therefore, we lack jurisdiction to consider Appellant’s first issue.

Cruel and Unusual Punishment
            In his second issue, Appellant argues that the six-year sentence imposed by the trial court
amounted to cruel and unusual punishment.


 Initially, we note that Appellant made no objection to
the trial court raising the issue of cruel and unusual punishment and has, therefore, waived such an
issue with respect to any alleged violation of his rights under the Texas Constitution. See Rhoades
v. State, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996); Tex. R. App. P. 33.1. However, even absent
waiver, we conclude that Appellant’s sentence did not constitute cruel and unusual punishment. 
            The legislature is vested with the power to define crimes and prescribe penalties. See Davis
v. State, 905 S.W.2d 655, 664 (Tex. App.–Texarkana 1995, pet. ref’d); see also Simmons v. State,
944 S.W.2d 11, 15 (Tex. App.–Tyler 1996, pet. ref’d). Courts have repeatedly held that punishment
which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. See
Harris v. State, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); Jordan v. State, 495 S.W.2d 949, 952
(Tex. Crim. App. 1973); Davis, 905 S.W.2d at 664. In the case at hand, Appellant pleaded guilty
to intentionally causing bodily injury to a child younger than fifteen years of age, a third-degree
felony. See Tex. Pen. Code Ann. § 22.04(a)(3), (f) (Vernon 2003). The punishment range for such
an offense is between two and ten years. Id.; see also Tex. Pen. Code Ann. § 12.34(a) (Vernon
2003). Here, the punishment assessed by the trial court falls well within the range set forth by the
legislature. Id. Therefore, the punishment is not prohibited as cruel, unusual, or excessive per se.
            Nonetheless, Appellant urges the court to perform the three-part test originally set forth in
Solem v. Helm, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). Under this test, the
proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the
harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and
(3) the sentences imposed for commission of the same crime in other jurisdictions. Solem, 463 U.S.
at 292, 103 S. Ct. at 3011.


 The application of the Solem test has been modified by Texas courts and
the Fifth Circuit Court of Appeals, in light of the Supreme Court’s decision in Harmelin, to require
a threshold determination that the sentence is grossly disproportionate to the crime before addressing
the remaining elements. See, e.g., McGruder, 954 F.2d at 316; see also Jackson v. State, 989
S.W.2d 842, 845-46 (Tex. App.–Texarkana 1999, no pet.).
            In determining whether Appellant’s sentence is grossly disproportionate, we are guided by
the holding in Rummel v. Estell, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980).


 In
Rummel, the Supreme Court addressed the proportionality claim of an appellant who had received
a mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction
for obtaining $120.75 by false pretenses. Id., 445 U.S. at 266, 100 S. Ct. at 1135. The life sentence
was imposed because the appellant also had two prior felony convictions - one for fraudulent use of
a credit card to obtain $80.00 worth of goods or services and the other for passing a forged check in
the amount of $28.36. Id., 445 U.S. at 266, 100 S. Ct. at 1134-35. After both recognizing the
legislative prerogative to classify offenses as felonies and considering the purpose of the habitual
offender statute, the court determined that the appellant’s mandatory life sentence did not constitute
cruel and unusual punishment. Id., 445 U.S. at 285, 100 S. Ct. at 1145. 
            In the case at hand, the offense committed by Appellant - injury to a child - was more serious
than the offenses committed by the appellant in Rummel, while Appellant’s six-year sentence is far
less severe than the life sentence upheld by the Supreme Court in Rummel. Thus, it follows that if
the sentence in Rummel was not unconstitutionally disproportionate, then neither is the sentence
assessed against Appellant in the case at hand. Therefore, since we do not find the threshold test to
be satisfied, we need not apply the remaining elements of the Solem test. Appellant’s second issue
is overruled.
Conclusion
            We are without jurisdiction to consider Appellant’s issue one. We dismiss the portion of this
appeal concerning Appellant’s first issue for want of jurisdiction. Having overruled Appellant’s
issue two, we affirm the remainder of the trial court’s judgment.

                                                                                                     JAMES T. WORTHEN 
                                                                                                                 Chief Justice


Opinion delivered May 28, 2004.
Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.











(DO NOT PUBLISH)