COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



LENARD ZANE CARSON, SR.,

                           Appellant,

v.

THE STATE OF TEXAS, 

                            Appellee.

§

§

§

§

§
§


No. 08-04-00055-CR

Appeal from the

143rd District Court

of Reeves County, Texas

(TC#00-09-06480-CRR)



MEMORANDUM OPINION

           Appellant has appealed his adjudication of guilt for conviction for indecency with a
child. The State, in its brief, contends that this Court lacks jurisdiction to consider this
appeal. We requested that Appellant respond to this allegation and Appellant filed his letter
brief. Because we find that Appellant is attempting to appeal the trial court's decision to
adjudicate him guilty, we agree with the State and dismiss this appeal for want of
jurisdiction.
I. FACTUAL HISTORY
           On November 17, 2000, Appellant pleaded guilty to the offense of indecency with a
child. Appellant’s adjudication of guilt was deferred and was made supervisory for a term
of five years. On January 9, 2004, a motion to adjudicate Appellant’s guilt was filed by the
State for violation of the terms of supervision. On January 30, 2004, the trial court
adjudicated Appellant’s guilt and rendered his sentence at twelve years’ confinement in the
Institutional Division of the Texas Department of Criminal Justice.
           Appellant filed a motion for new trial and after two hearings were held, the trial court
denied the motion.
           Appellant has filed an appeal raising two issues.
II. ISSUES ON APPEAL
           In Issue No. One, Appellant complains that the trial court abused its discretion in
adjudicating his guilt and ordering him to be sentenced to twelve years’ confinement because
his reasons for violating the terms of his supervision were due to an emergency. Issue No.
Two complains that the trial court abused its discretion in denying his motion for new trial
because the evidence considered by the trial during the adjudication hearing was perjured
testimony.
           The issues raised on appeal pertain to the trial court’s decision to adjudicate
Appellant. Pursuant to Article 42.12, section 5(b) of the Texas Code of Criminal Procedure,
an appellant whose deferred adjudication probation has been revoked and who has been
adjudicated guilty of the original charge, may not raise on appeal contentions of error in the
adjudication of guilt process. Connolly v. State, 983 S.W.2d 738, 741 (Tex. Crim. App.
1999). See Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2004-05).
           Article 42.12, section 5(b) provides, in relevant part: 
On violation of a condition of community supervision imposed under
Subsection (a) of this section, the defendant may be arrested and detained as
provided in Section 21 of this article. The defendant is entitled to a hearing
limited to the determination by the court of whether it proceeds with an
adjudication of guilt on the original charge. No appeal may be taken from this
determination. [Emphasis added].

Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2004-05).
           It is well established that a defendant whose deferred adjudication probation has been
revoked and who has been adjudicated guilty of the original charge, may not raise on appeal
contentions of error in the adjudication of guilt process. See, e.g., Connolly, 983 S.W.2d at
740-41 (reiterating what it characterized as the plain meaning of Article 42.12, section 5(b)
and holding that defendant was not permitted to appeal whether State utilized due diligence);
Olowosuko v. State, 826 S.W.2d 940, 942 (Tex. Crim. App. 1992) (following adjudication
of guilt, defendant not permitted to raise points of error related to alleged vagueness of
conditions of probation or sufficiency of motion to revoke); Phynes v. State, 828 S.W.2d 1,
2 (Tex. Crim. App. 1992) (defendant not permitted to raise point of error concerning whether
his right to counsel had been violated at adjudication hearing); Wright v. State, 592 S.W.2d
604, 606 (Tex. Crim. App. 1980) (holding that “no appeal may be taken from the hearing in
which the trial court determines to proceed with an adjudication of guilt on the original
charge”); Williams v. State, 592 S.W.2d 931, 932-33 (Tex. Crim. App. 1979) (“the trial
court’s decision to proceed with an adjudication of guilt, is one of absolute discretion and [is]
not reviewable . . . .”).
           Although Appellant couches his issue on appeal as a complaint about the trial court’s
denial of his motion for new trial, the argument contained in his brief reflects that he is
actually complaining about the basis for the trial court’s decision to adjudicate and the
evidence considered by the trial court. Consequently, we lack jurisdiction to review the issue
raised by Appellant. Having determined that we have no jurisdiction in the matter, we
therefore dismiss this appeal.
 
                                                                  RICHARD BARAJAS, Chief Justice
February 17, 2005

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)