Criminal Case Template






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



ADRIAN LUIS FIERRO,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§

§

§

§

§

No. 08-05-00066-CR

Appeal from the

394th District Court

of Brewster County, Texas

(TC# 3654)




O P I N I O N

           Adrian Luis Fierro attempts to appeal from a conviction for the offense of possession
of cocaine in an amount less than one gram. Because we conclude that Appellant is
attempting to appeal the trial court’s decision to adjudicate him guilty, we dismiss the appeal
for want of jurisdiction.
           The record reflects that Appellant entered a negotiated plea of guilty on May 3, 2003. 
Appellant was placed on deferred adjudication community supervision and a $750 fine was
assessed. The State subsequently filed several motions to adjudicate guilt ending in its third
amended motion to adjudicate guilt. Appellant filed three motions to quash the State’s third
amended motion to adjudicate guilt. The trial court’s certification of the defendant’s right
to appeal reflects that Appellant has no right to appeal the decision to adjudicate guilt.
           On March 11, 2005, the clerk’s office notified Appellant’s counsel that the
certification reflects that Appellant has no right to appeal this specific issue and requested
a response. Appellant’s counsel responded with a letter brief persisting in the desire to
challenge the trial court’s rulings on the motions to quash the State’s third amended motion
to adjudicate guilt.
Article 42.12, section 5(b) provides, in relevant part:
 
On violation of a condition of community supervision imposed under Subsection (a)
of this section, the defendant may be arrested and detained as provided in Section 21
of this article. The defendant is entitled to a hearing limited to the determination by
the court of whether it proceeds with an adjudication of guilt on the original charge.
No appeal may be taken from this determination. [Emphasis added].
           Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2004-05).
           It is well established that a defendant whose deferred adjudication probation has been
revoked and who has been adjudicated guilty of the original charge, may not raise on appeal
contentions of error in the adjudication of guilt process. See, e.g., Connolly v. State, 983
S.W.2d 738, 740-41 (Tex.Crim.App. 1999) (reiterating what it characterized as the plain
meaning of article 42.12, section 5(b) and holding that defendant was not permitted to appeal
whether State utilized due diligence); Olowosuko v. State, 826 S.W.2d 940, 942
(Tex.Crim.App. 1992) (following adjudication of guilt, defendant not permitted to raise
points of error related to alleged vagueness of conditions of probation or sufficiency of
motion to revoke); Phynes v. State, 828 S.W.2d 1, 2 (Tex.Crim.App. 1992) (defendant not
permitted to raise point of error concerning whether his right to counsel had been violated
at adjudication hearing); Wright v. State, 592 S.W.2d 604, 606 (Tex.Crim.App. 1980)
(holding that under article 42.12, section 5(b), “no appeal may be taken from the hearing in
which the trial court determines to proceed with an adjudication of guilt on the original
charge”); Williams v. State, 592 S.W.2d 931, 932-33 (Tex.Crim.App. 1979) (“the trial court’s
decision to proceed with an adjudication of guilt, is one of absolute discretion and [is] not
reviewable . . .”). Appellant’s contentions pertaining to his motions to quash are included
within section 5(b)’s prohibition. The trial court necessarily determined the adequacy of the
State’s allegations in determining whether to proceed to adjudication of Appellant’s guilt. 
Thus, we conclude we lack jurisdiction to consider Appellant’s sole issue on appeal. See
Olowosuko, 826 S.W.2d at 942. We dismiss the appeal for want of jurisdiction.
           Consequently, we lack jurisdiction to address these complaints. As Appellant has
expressed his intention to raise only these arguments, we dismiss the appeal for want of
jurisdiction.
                                                                  RICHARD BARAJAS, Chief Justice
July 7, 2005

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)