In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-04-418 CR


____________________



VEDAL ABDUL DAVIS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 88th District Court


Hardin County, Texas


Trial Cause No. 15,093






MEMORANDUM OPINION


 From a judgment adjudicating his guilt, Vedal Abdul Davis prosecutes this appeal.
Davis was indicted for the felony offense of delivery of a controlled substance. Pursuant
to a negotiated punishment recommendation from the State, Davis entered a plea of guilty
on May 15, 2001, and was granted deferred adjudication community supervision by the
trial court. The deferred adjudication community supervision was for a period of two
years and included a fine, court costs, attorney's fees, and required the performance of 
240 hours of community service. (1) 

 On March 14, 2003, the State filed a "motion to revoke" Davis' unadjudicated
community supervision alleging commission of a new offense by Davis on or about March
6, 2003. The issuance of a warrant for Davis' arrest quickly followed, and at a subsequent
hearing, Davis requested, and was appointed, counsel. On April 10, 2003, a first amended
revocation motion was filed by the State which further alleged that Davis tested positive
for marijuana use on or about March 19, 2003. A second amended revocation motion was
filed on May 14, 2003, alleging that on May 13, 2003, Davis had committed the offense
of manufacturing a controlled substance. However, also on May 13, 2003, the record
indicates that Davis executed an instrument titled, "WAIVER OF HEARING ON NEW
CONDITION OF PROBATION." Filed by the State on May 14, 2003, this waiver of
hearing signed by Davis reads, in pertinent part, as follows: 

 I, VEDALE (sic) ABDUL DAVIS, the Defendant in the above
entitled and numbered cause, having been informed by the Community
Supervision and Corrections Department that it will seek to modify the
Terms of Probation in the said cause contained in an Order signed on the
15th Day of May, 2001, so as to add the following condition, to-wit:


 The probation heretofore granted Defendant is extended to the
15th Day of November, 2003,; in accordance with the Code of
Criminal Procedure, Article 42.12 to provide adequate time to
comply with the terms of probation heretofore granted in this
cause.


 I have also been informed of my right to appear in person and/or by
attorney to contest the inclusion of such conditions and i (sic) do waive a
hearing thereon and hereby voluntarily and knowingly give my consent to
such modification of Terms of Probation to include and incorporate the
above mentioned condition.


 On May 14, 2003, the trial court signed the order extending Davis' period of
community supervision, with the new expiration date indicated as "15th Day of November,
2003." This order extending Davis' community supervision indicates the trial court was
allowing Davis additional time to meet the previously-ordered 240 community service
hours. (2) Other than being "in the best interests of justice," the appellate record does not
further inform us as to the reason for permitting Davis additional time to complete his
community service condition, as opposed to amending the pending revocation motion to
add this administrative violation. At any rate, a third amended revocation motion was filed
on October 8, 2003, not alleging a community service violation but, instead, alleging
"new" offenses of possession of cocaine with intent to deliver, possession of marijuana,
and evading arrest and detention, all allegedly committed on or about May 13, 2003. 

 Subsequent events gleaned from the record indicate a brief hearing was held by the
trial court on Davis' "MOTION TO DISMISS STATE'S MOTION TO REVOKE
DEFENDANT'S UNADJUDICATED PROBATION AND TERMINATE COMMUNITY
SUPERVISION." The trial court denied this motion. Thereafter, an adjudication
proceeding took place with Davis pleading "true" to one violation and the State abandoning
the remaining four alleged violations. The trial court adjudicated Davis' guilt and
sentenced him to two years' confinement in the Texas Department of Criminal Justice -
Correctional Institutions Division. (3) 

 Davis' complaint of the trial court's "piecemeal" approach to the revocation is not
a concept immediately recognizable with regard to Texas criminal jurisprudence. After
carefully reading Davis' brief, as well as the various written memoranda he submitted to
the trial court for its consideration, we believe the following sentence fairly condenses the
entirety of his position: "The Trial Court's Order modifying the conditions of probation
was an exercise of judicial discretion and a dispositive determination of the State's Motions
to Revoke." In other words, as we appreciate his position, Davis argues that when the
trial court signed the order extending Davis' community supervision for an additional six
months, the court also substantively disposed of all previously alleged violations of any
terms and conditions of Davis' community supervision. In essence, Davis contends the
six-month extension wiped the slate clean with regard to any pending bases for revoking
his community supervision. We disagree.

 Revocation of deferred adjudication community supervision is governed by Tex.
Code Crim. Proc. Ann. art. 42.12, sec. 5(b) (Vernon Supp. 2005). In pertinent part,
section 5(b) reads:

 On violation of a condition of community supervision imposed under
Subsection (a) of this section, the defendant may be arrested and detained as
provided in Section 21 of this article. The defendant is entitled to a hearing
limited to the determination by the court of whether it proceeds with an
adjudication of guilt on the original charge. No appeal may be taken from
this determination. (emphasis added) 


 In Connolly v. State, 983 S.W.2d 738 (Tex. Crim. App. 1999), the Court of
Criminal Appeals reiterated its position taken from a long line of cases dealing with
situations similar to the instant case. See id. at 740-41 (citing Phynes v. State, 828 S.W.2d
1, 2 (Tex. Crim. App. 1992) (no appeal of trial court's decision to revoke probation and
adjudicate, even if defendant's right to counsel had been violated); Olowosuko v. State,
826 S.W.2d 940, 942 (Tex. Crim. App. 1992) (explaining that Court of Criminal Appeals
had "held from the beginning of deferred adjudication practice that the Legislature [had]
meant what it said in Article 42.12, § 5(b)"); Wright v. State, 592 S.W.2d 604, 606 (Tex.
Crim. App. 1980) (under the terms of the statute, no appeal may be taken from the hearing
in which the trial court determines to proceed with an adjudication of guilt on the original
charge); Williams v. State, 592 S.W.2d 931, 932-33 (Tex. Crim. App. 1979) (trial court's
decision to proceed with an adjudication of guilt is one of absolute discretion and is not
reviewable)). The Court in Connolly continued:

 In all these cases, we have tried to make clear that, given the plain
meaning of Article 42.12, § 5(b), an appellant whose deferred adjudication
probation has been revoked and who has been adjudicated guilty of the
original charge, may not raise on appeal contentions of error in the
adjudication of guilt process. See G. Dix & R. Dawson, Texas Criminal
Practice and Procedure § 43.117 (1995). Moreover, since the Legislature
has not overturned our interpretation of the statute after all these years, we
are confident that our interpretation is correct. See State v. Hall, 829
S.W.2d 184, 187 (Tex. Crim. App. 1992) (prolonged legislative silence
following judicial interpretation of statute implies approval of interpretation). 


Connolly, 983 S.W.2d at 741. Furthermore, the record does not indicate, nor does Davis
contend, that we are faced with the "rare situation[]" where the trial court's judgment
originally granting community supervision was null and void, thereby leaving the court
with nothing to revoke. See Nix v. State, 65 S.W.3d 664, 667-68 (Tex. Crim. App. 2001). 
Therefore, since Davis' sole appellate complaint centers on the process by which the trial
court ultimately proceeded to adjudicate his guilt, article 42.12, section 5(b) prohibits
appeal of this determination. As deferred community supervision revocation proceedings
under section 5(b) make no reference to "plea bargaining" or to the proceedings set-out
for guilty pleas under article 26.13, the trial court's "not a plea-bargain case" certification
was valid. See Tex. R. App. P. 25.2(a)(2), 25.2(d); Dears v. State, 154 S.W.3d 610, 613
(Tex. Crim. App. 2005). Although this properly invokes our appellate jurisdiction, it does
not breathe "life" into Davis' appellate issue; it simply means that we overrule Davis'
issue instead of dismissing his appeal. The trial court's judgment adjudicating Davis' guilt
is affirmed. 

 AFFIRMED.



 ______________________________

 STEVE McKEITHEN

 Chief Justice 


Submitted on September 15, 2005

Opinion Delivered October 26, 2005

Do Not Publish


Before McKeithen, C.J., Kreger and Horton, JJ.
1. As part of the State's punishment recommendation, the trial court was permitted
to take into account a separate pending unadjudicated offense to which Davis also admitted
guilt. See Tex. Pen. Code Ann. § 12.45 (Vernon 2003). 
2. The record indicates that Davis had failed to complete any hours during the prior
two years.
3. The reporter's record indicates that all parties were of the opinion that plea
bargaining was fully in effect apparently pursuant to Tex. Code Crim. Proc. Ann. art.
26.13 (Vernon Supp. 2005). However, in the context of a revocation proceeding, the
legislature has not authorized binding plea agreements, has not required the trial court to
inquire as to the existence of a plea agreement or admonish the defendant pursuant to
article 26.13, and has not provided for withdrawal of a plea after sentencing. See
Gutierrez v. State, 108 S.W.3d 304, 309-10 (Tex. Crim. App. 2003).