Criminal Case Template






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



JAVIER DE LA ROSA,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§

§

§

§

§

No. 08-05-00279-CR

Appeal from the

346th District Court

of El Paso County, Texas

(TC# 980D08490)




MEMORANDUM OPINION

           Javier De La Rosa attempts to appeal from a judgment adjudicating him guilty of the
offense of aggravated robbery. Because we conclude that Appellant is attempting to appeal
the trial court’s decision to adjudicate him guilty, we dismiss the appeal for want of
jurisdiction.
           The record reflects that Appellant entered a negotiated plea of guilty on October 6,
1998. Appellant was placed on ten years’ deferred adjudication community supervision and
a $1,000 fine was assessed. The State subsequently filed a motion to adjudicate guilt on
August 4, 2003. The trial court’s certification of the defendant’s right to appeal reflects that
Appellant’s appeal was in a plea-bargained case and he has no right to appeal.
           On September 9, 2005, the Clerk’s Office of this Court notified Appellant’s counsel
that the certification reflects that Appellant has no right to appeal and requested a response. 
Appellant’s counsel responded with a letter brief wherein it was stated that counsel had
reviewed the facts and law of the case and determined that there was no right to appeal.
           Article 42.12, section 5(b) provides, in relevant part:
 
On violation of a condition of community supervision imposed under
Subsection (a) of this section, the defendant may be arrested and detained as
provided in Section 21 of this article. The defendant is entitled to a hearing
limited to the determination by the court of whether it proceeds with an
adjudication of guilt on the original charge. No appeal may be taken from this
determination.

           Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2004-05).

           It is well established that a defendant whose deferred adjudication probation has been
revoked and who has been adjudicated guilty of the original charge, may not raise on appeal
contentions of error in the adjudication of guilt process. See, e.g., Connolly v. State, 983
S.W.2d 738, 740-41 (Tex. Crim. App. 1999) (reiterating what it characterized as the plain
meaning of Article 42.12, section 5(b) and holding that defendant was not permitted to
appeal whether State utilized due diligence); Olowosuko v. State, 826 S.W.2d 940, 942 (Tex.
Crim. App. 1992) (following adjudication of guilt, defendant not permitted to raise points
of error related to alleged vagueness of conditions of probation or sufficiency of motion to
revoke); Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992) (defendant not permitted
to raise point of error concerning whether his right to counsel had been violated at
adjudication hearing); Wright v. State, 592 S.W.2d 604, 606 (Tex. Crim. App. 1980) (holding
that under the predecessor to Article 42.12, section 5(b), “no appeal may be taken from the
hearing in which the trial court determines to proceed with an adjudication of guilt on the
original charge”); Williams v. State, 592 S.W.2d 931, 932-33 (Tex. Crim. App. 1979) (“the
trial court’s decision to proceed with an adjudication of guilt, is one of absolute discretion
and [is] not reviewable . . .”). Based upon appellate counsel’s representations, we conclude
we lack jurisdiction to consider Appellant’s appeal. See Olowosuko, 826 S.W.2d at 942. We
dismiss the appeal for want of jurisdiction.
 
                                                                  RICHARD BARAJAS, Chief Justice
November 2, 2005

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)