Criminal Case Template






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



JOSEPH NERIZ,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§

§

§

§

§

No. 08-05-00100-CR

Appeal from the

346th District Court

of El Paso County, Texas

(TC# 20020D00544)




OPINION ON STATE’S MOTION TO DISMISS

           This is an attempted appeal from a judgment of conviction for the offense of
aggravated sexual assault. The issue before us is whether we have jurisdiction to consider
Appellant’s appeal. We conclude that we do not and we grant the State’s motion to dismiss
the appeal and we dismiss the attempted appeal for want of jurisdiction.
           On May 13, 2002, Appellant entered a plea of guilty to the offense of aggravated
sexual assault, and pursuant to a plea bargain, the court assessed punishment at ten years’
deferred adjudication community supervision and a fine of $1,000. On April 4, 2003, the
State filed a motion to proceed with adjudication of guilt, alleging failure to comply with
Appellant’s terms and conditions of community supervision. A hearing on the State’s motion
to adjudicate was held on August 13, 2003. After hearing the evidence and testimony of both
parties, the court found the State’s allegations to be true and the court adjudged Appellant
guilty of the aggravated sexual assault offense. Appellant was sentenced to ten years’
imprisonment. On October 6, 2005, the State filed a motion to dismiss Appellant’s appeal
for want of jurisdiction.
           Article 42.12, section 5(b) provides, in relevant part:
On violation of a condition of community supervision imposed under
Subsection (a) of this section, the defendant may be arrested and detained as
provided in Section 21 of this article. The defendant is entitled to a hearing
limited to the determination by the court of whether it proceeds with an
adjudication of guilt on the original charge. No appeal may be taken from this
determination. (Emphasis added).

           Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2004-05).
           It is well established that a defendant whose deferred adjudication probation has been
revoked and who has been adjudicated guilty of the original charge, may not raise on appeal
contentions of error in the adjudication of guilt process. See, e.g., Connolly v. State, 983
S.W.2d 738, 740-41 (Tex. Crim. App. 1999) (reiterating what it characterized as the plain
meaning of Article 42.12, section 5(b) and holding that defendant was not permitted to
appeal whether State utilized due diligence); Olowosuko v. State, 826 S.W.2d 940, 942 (Tex.
Crim. App. 1992) (following adjudication of guilt, defendant not permitted to raise points
of error related to alleged vagueness of conditions of probation or sufficiency of motion to
revoke); Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992) (defendant not permitted
to raise point of error concerning whether his right to counsel had been violated at
adjudication hearing); Wright v. State, 592 S.W.2d 604, 606 (Tex. Crim. App. 1980) (holding
that under the predecessor to Article 42.12, section 5(b), “no appeal may be taken from the
hearing in which the trial court determines to proceed with an adjudication of guilt on the
original charge”); Williams v. State, 592 S.W.2d 931, 932-33 (Tex. Crim. App. 1979) (“the
trial court’s decision to proceed with an adjudication of guilt, is one of absolute discretion
and [is] not reviewable . . .”).
           Appellant’s sole contention on appeal is that the court erred by failing to admonish
him that he could remain silent, that he had the right to confront the witnesses against him. 
Appellant asserts in his response to the State’s motion to dismiss the appeal that this Court
has jurisdiction to hear this contention on appeal as this contention encompassed part of the
sentencing proceeding. We fail to perceive how this is so as his complaint involves the
procedure utilized at the hearing to determine if the court would proceed to adjudication of
guilt. Thus, we conclude we lack jurisdiction to consider Appellant’s sole issue on appeal
and the State’s motion to dismiss the appeal is granted. See Olowosuko, 826 S.W.2d at 942. 
We dismiss the appeal for want of jurisdiction.
 
                                                                  RICHARD BARAJAS, Chief Justice
November 3, 2005

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)